JAMES E. RILEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Riley v. Commissioner
Docket No. 32908-83.
United States Tax Court
T.C. Memo 1985-231; 1985 Tax Ct. Memo LEXIS 404; 49 T.C.M. (CCH) 1483; T.C.M. (RIA) 85231; May 13, 1985. Shirley M. Justice, for the petitioner. H. Karl Zeswitz, Jr., for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent's Motion to Dismiss for Lack of Jurisdiction was assigned to Special Trial Judge Marvin F. Peterson for hearing, consideration and ruling thereon. [1] After a review of the record we agree with and adopt his opinion which is *405 set forth below. OPINION OF THE SPECIAL TRIAL JUDGE Peterson, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed on January 19, 1984, which is based on the ground that the petition herein was not timely filed pursuant to sections 6213(a) and 7502. [2] Petitioner filed a response to respondent's motion on February 21, 1984. A hearing was held on respondent's motion at Mobile, Alabama on August 7, 1984. Both parties were represented by counsel at the hearing and both submitted briefs in support of their respective positions. The motion was taken under advisement. On June 3, 1982, respondent mailed a notice of deficiency by certified mail to James E. Riley, 960 Broakenbrough Court, Metairie, Louisiana 70005. In the notice, respondent determined deficiencies in Federal income taxes and additions to tax as follows: Additions to Tax
I.R.C. 1954
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1971
$40,724.56
$8,994.57
$2,036.23
$1,307.19
1972
32,327.38
6,727.99
1,616.37
1,031.29
1973
55,360.72
13,840.18
2,768.04
1,767.31
1974
41,527.76
10,381.94
2,076.39
1,325.70
1975
55,474.37
13,868.59
2,773.72
2,395.42
1976
108,876.77
27,219.19
5,443.84
4,054.98
1977
59,620.49
14,905.12
2,981.02
2,121.51
*406 On November 23, 1983, 532 days after the mailing of the notice of deficiency, petitioner filed a petition with this Court. At the time the petition was filed petitioner resided at 960 Brockenbraugh Court, Metairie, Louisiana 70005. Respondent has moved the Court to dismiss the petition in this case on the ground that the petition was not filed within the 90-day time period prescribed in section 6213(a). Petitioner contends that the notice of deficiency was not mailed to petitioner's last known address pursuant to section 6212 and, for that reason, argues that respondent's motion should be denied. Further, petitioner argues that this Court should retain jurisdiction since the petition was mailed within the 90-day time period prescribed in section 6213(a). Based on the issues framed by the parties we must first determine whether the notice of deficiency was mailed to petitioner's last known address. If we determine that the notice of deficiency was mailed to petitioner's last known address, respondent's motion will be granted since the facts are clear that the petition was not filed within 90 days from the date the notice of deficiency was mailed to petitioner. . *407 Petitioner does not dispute this legal conclusion, but argues that this Court does have jurisdiction of this case on the ground that a petition was filed within 90 days after the notice of deficiency was received by petitioner. We disagree with petitioner's conclusion that this Court has jurisdiction. It is well settled that our jurisdiction depends upon the issuance of a notice of deficiency and the filing of a timely petition in this Court. ; , affd. without published opinion . Petitioner argues that the notice of deficiency was not mailed to his last known address. As such, he maintains that respondent may not rely on the "safe harbor" rule of section 6212(a). [3] Further, petitioner argues that since the notice of deficiency was not mailed to his last known address, the 90 day period for filing a petition did not commence until he actually received the notice of deficiency on September 23, 1983. On this premise, petitioner contends that this Court has jurisdiction since he filed his petition *408 on November 23, 1983. Petitioner relies on for this proposition.
In , we held that the notice was not mailed to petitioner when delivered to the post office since the postal service changed the mailing address on the envelope. Under this unique situation we concluded that the mailing of the notice of deficiency was not completed until petitioner received a copy of the notice of deficiency from the Commission. Also see . However, in the instant case the postal service did not make any changes to the face of the envelope containing the notice of deficiency. The postal service attempted to deliver the notice of deficiency based on the address used by respondent to mail the notice of deficiency. Accordingly, the petition must be dismissed and we must determine whether the dismissal should be based on the ground that the notice of deficiency was invalid or on the ground that a valid notice of deficiency was mailed to petitioner, but petitioner failed *409 to file a timely petition in this Court. See . Petitioner admits that under the safe harbor rule there is no requirement that the taxpayer must actually receive a notice of deficiency prior to the expiration of the 90-day time period if the notice of deficiency was mailed to the taxpayer's last known address. ; ; . However, petitioner maintains that the notice of deficiency in the instant case was not mailed to his last known address because the name of the street was misspelled. There is no dispute that petitioner's name, street number, city and state, and postal zip code were correct, but respondent admits that the name of the street should have been spelled "brockenbraugh Court" (emphasis supplied) rather than "Broakenbrough Court" as set forth in the notice of deficiency. In the city of Metairie, Louisiana there is only one street with the name of Brockenbraugh Court. There is, however, a Brockenbraugh Street *410 in the same delivery route. Brockenbraugh Court is an east-west street with house numbers from 100 through 1299, while Brockenbraugh Street is a north-south street with house numbers from 1400 through 1999. [4] Two letter carriers, who had delivered mail to the above-named streets during the time period when the notice of deficiency was mailed by respondent, testified that the spelling of the street name used to mail the notice of deficiency would not cause any confusion as to where the piece of mail should be delivered. Further evidence which shows there was no confusion over the misspelled address by the postal service is found in the delivery reminder or receipt (postal Form 3849B). This form is used to return unclaimed mail to the sender and requires that the addressee's address, as used on the envelope, be shown on the form. When the notice of deficiency was returned, the postal service correctly spelled petitioner's street address even though it was incorrectly spelled on the envelope. Further, petitioner had, on at least one occasion, received a letter from the Internal Revenue Service using the same incorrect spelling. *411 It is obvious that substituting an "a" for a "c" and an "o" for an "a" did not significantly change the understanding or recognition of the street name. Here, the incorrect spelling of the street was so slight that we cannot believe it caused the notice to be delivered to an address other than petitioner's. In addition, there is no evidence to even suggest the possibility that the notice of deficiency was delivered to the wrong address because of the misspelled street name. Although it is undisputed that petitioner did not actually receive the notice of deficiency until September 23, 1983, there is no dispute that delivery was attempted by the postal service. The face of the envelope containing the notice of deficiency shows that a delivery was attempted on June 5, 1982. Since the piece of mail was not accepted or refused, Form 3849B was left at the place where actual delivery was attempted pursuant to postal regulations. On June 15, 1982, another delivery reminder was left at the same address. The delivery reminder informed the addressee that a certified letter was being held at the post office. On June 23, 1982, the notice of deficiency was returned to respondent by the post *412 office, not because the address was insufficient, but because the addresses did not claim the piece of mail within the time period prescribed by postal regulations. On these facts it is our belief that the reason the notice was not received by petitioner was not because the street address was misspelled, but because no one was present to sign for the certified letter when it was delivered to petitioner's address, and petitioner failed or refused to claim it at the post office. Surely, a de minimis error in the spelling of a street name should not be fatal to a notice of deficiency where such error does not cause any delay or confusion in the delivery of the notice. The statutory purpose requiring that a notice of deficiency be mailed to the taxpayer's last known address is to give a taxpayer notice that the Commissioner has determined a deficiency against him and to give the taxpayer an opportunity to file a petition in this Court. ; . Under the facts in this case the address used by the Commissioner to mail the notice of deficiency clearly met this statutory goal. *413 Under these circumstances, we find that the notice of deficiency was mailed to petitioner's last known address. Accordingly, the notice of deficiency is valid. Since petitioner failed to file a timely petition, respondent's motion will be granted. . An appropriate Order will be issued.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. See .↩
4. It is noted that Metairie postal service's listing of street names according to routes for zip code 70005 spells "brockenbraugh" as "Brockenbro↩ugh."