Kay M. COUNCIL, Executrix of the Estate of Alex M. Council, III, and Kay M. Council, Individually, Plaintiffs,

v.

John E. BURKE, District Director of Internal Revenue; Lawrence Gibbs, Commissioner of Internal Revenue; and United States of America, Defendants.

Civ. No. C–87–457–WS.

United States District Court,
M.D. North Carolina,
Winston–Salem Division.

Dec. 16, 1988.

G. Gray Wilson, James M. Iseman, Jr., Winston–Salem, N.C., for plaintiffs.

U.S. Atty., Jose F. de Leon, Trial Atty. Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This lawsuit arises out of Plaintiffs' efforts to have the Internal Revenue Service (IRS) permanently enjoined from any enforcement, levy, or collection of an assessed deficiency of income tax penalties and interest for the year 1979. According to Plaintiffs, the statutory notice of deficiency required to be mailed to them by the expiration of the statute of limitations was not sent to their last known address as required by law; consequently, the assessment is unenforceable against them. In response, Defendants contend that the statutory notice was indeed mailed to Plaintiffs' last known address prior to the expiration of the statute of limitations; furthermore, they claim that even if the address was not exactly correct, it was sufficiently correct as to make any error irrelevant. Defendants also add that the assessment is enforceable because Plaintiffs were aware through their dealings with the IRS that an assessment would be forthcoming.

This matter was tried by the court sitting without a jury on October 12, 1988. The court, having heard the testimony of witnesses for both sides and observed each witness's manner of testifying, his or her demeanor, his or her interest in the case, the extent to which he or she has been supported or contradicted by other evidence, exhibits in the record, and the arguments and briefs of counsel, makes the following Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

### FINDINGS OF FACT

1. On May 5, 1980, Plaintiffs timely filed their joint 1979 United States individual income tax return with the Fresno Service Center in Fresno, California. The return was prepared by William A. DuBois, Plaintiffs' certified public accountant, whose office was for all periods relevant to this case located at 240 Tamal Vista Boulevard, Suite 110, Corte Madera, California 94925. (Final Pretrial Conference Order Stipulation, ¶ 6[b]; Deposition of William DuBois, p. 42).

2. Plaintiffs' address as it appeared on the 1979 tax return and for all returns through 1983 was .71 Corte Del Bayo, Larkspur, California 94939. (Final Pretrial Conference Order Stipulation, ¶ 6[a]; Testimony .of Kay Council).

3. In 1980 Revenue Agent Joanne Zich of the San Francisco District Office of the Internal Revenue Service began an audit of Plaintiffs' 1979 income tax return. This audit was. based upon a questionable tax shelter regarding lithographs acquired by Plaintiffs. Mr. DuBois was first contacted about this audit in September of 1980. This investigation lasted from September of 1980 until mid–1985, at which time Mr. DuBois ceased representing Plaintiffs. (DuBois Deposition, Government's Exhibit 2; p. 49).

4. Between September of 1980 and the end of July of 1983, Mr. DuBois, the Councils, and the IRS frequently interacted concerning the audit. (Exhibits to DuBois Deposition).

5. Defendants had determined by at least December 29, 1982, to issue a statutory notice of deficiency to Plaintiffs concerning their 1979 return. However, no further action was taken on the assessment until March 23, 1983. (Plaintiffs' Exhibit 9; Defendants' Exhibit 1).

6. On April 15, 1983, Defendants prepared a statutory notice of deficiency regarding the Councils' 1979 return. This notice proposed an assessment for unpaid income tax in the amount of $115,895.00 and for penalties of $5,795.00. (Defendants' Exhibit 1).

·7. According to Donna James, head of the department responsible for preparing statutory notices at the time that the Councils' notice was prepared, such notices were typed from what she referred to as a "script" or rough draft form of the notice. Once the statutory notice was prepared from the script, she and another employee of her unit proofread the notice to assure that it corresponded with the script. After compliance was assured, the notice would be placed in an envelope and a certified mail list would then be prepared from the address on the envelope. At this point the notices and the certified mail list were then taken to the post office, where a postal employee would stamp the mail list to inform the IRS that the notices had indeed been sent by certified mail. (Testimony of Donna James).

8. According to Ms. James, all statutory notices of deficiency the size of the Councils' statutory notice would have been mailed in window envelopes during the year of 1983. However, Ms. James had no recollection of the specific notice mailed to the Councils. Five to seven hundred notices were prepared in April 1983. The address on the Councils' actual notice of deficiency is proper. (Testimony of Donna James; Plaintiffs' Exhibit 1).

9. However, the address on the certified mailing list, which is the only official document the IRS has been able to provide concerning the address to which the statutory notice was mailed, lists Plaintiffs' address as 7 ± Corte Del Bayo rather than 71 Corte Del Bayo. (Final Pretrial Conference Order Stipulation, ¶ 6[d]; Defendants' Exhibit 3).

10. Two later notices mailed to the Councils, one of which was three pages greater and the other of which was three pages less than the notice regarding the 1979 deficiency, were placed in non-window envelopes with mailing labels. However, Ms. James testified that by the time the two later notices were mailed two offices were preparing the deficiencies and that someone besides herself oversaw the mailing of the latter two deficiencies. (Plaintiffs' Exhibits 2, 3; Testimony of Donna James).

11. A copy of the statutory notice of deficiency was also allegedly sent to Plaintiffs' accountant, Mr. DuBois, by regular mail. Mr. DuBois's letter was addressed to 240 Tamal Vista Boulevard, Suite 10, rather than Suite 110; however, Ms. James testified that this letter would not have been mailed in a window envelope and that consequently the error on the letter did not mean that the letter was not mailed properly. (Defendants' Exhibit 2; Testimony of Donna James).

12. Kay Council and Mr. DuBois contend that they never received a copy of the statutory notice of deficiency that was allegedly mailed on April 15, 1983. In an affidavit filed with this court prior to trial, Alex M. Council, III, also stated that he did not receive the deficiency. (Testimony of Kay Council; DuBois Deposition, p. 52; Affidavit of Alex M. Council, III).

13. Internal Revenue Service regulations require that undelivered notices of deficiency be associated with a taxpayer's case file. In this case neither the notice sent to the Councils nor the notice sent to Mr. DuBois was found with Plaintiffs' case file. (Defendants' Exhibit 4; Testimony of Donna James).

14. By a letter dated October 18, 1983, Mr. DuBois informed the IRS that neither he nor his clients had actual notice or knowledge of the statutory notice until October 1983, when they received a notice of tax due from Defendants. In that letter, Plaintiffs and Mr. DuBois requested from Defendants a copy of the notice and an explanation of the assessment. However, the notice was not received until February 1985 and the certified mailing list was not received until 1987. (Plaintiffs' Exhibit 4; DuBois Deposition, pp. 50–51; Testimony of Kay Council).

15. Any records which the United States Postal Service may have had concerning the mailing of the deficiency notice would have been destroyed two years from the date of the attempted delivery of the notice, i.e., mid-to-late April of 1985. (Final Pretrial Conference Order Stipulation, ¶ 6[f]).

16. Absent proper mailing and issuance of a valid statutory notice, the statute of limitations on assessment regarding the Councils' 1979 return expired on May 5, 1983. (26 U.S.C. §§ 6501, 6503; Final Pretrial Conference Order Stipulation, ¶ 4[e]).

17. James Kennon, the letter carrier responsible for the Councils' mail delivery in April of 1983, testified that the street on which Plaintiffs resided in 1983 contained approximately twenty single-family dwellings with five homes containing the number "7" (7, 27, 70, 71, and 97). Mr. Kennon

testified that he delivered misaddressed letters as long as he knew the recipient. He also testified that even if a substitute carrier were on duty any undelivered letters would have been held until he returned, assuming that the period was not lengthy. Mr. Kennon could not recall if he was on vacation during April of 1983. (Testimony of James Kennon).

18. On April 6, 1987, Defendants issued a notice of intention to levy on Plaintiffs and Defendants subsequently filed a notice of tax lien claiming an unpaid assessment of $284,718.69. By preliminary injunction dated May 6, 1988, this court enjoined Defendants from foreclosing on this lien pending the outcome of trial. Trial in this matter was held on October 12, 1988. (Plaintiffs' Exhibits 6, 7).

## DISCUSSION

The parties agree that in order for the IRS's tax lien against the Councils to be valid it is not necessary that the Councils actually received the notice prior to the running of the statute of limitations. However, under 26 U.S.C. § 6212, which governs the mailing of statutory notices of deficiency, the notice must be mailed to the taxpayer's last known address prior to the running of the statute of limitations or actually received by the taxpayer in sufficient time to enable him or her to file a petition in tax court in order for the notice to be enforceable. *See Mulvania v. Commissioner*, 769 F.2d 1376, 1378–79 (9th Cir. 1985). According to Defendants, the fact that the Councils' actual notice had the proper address at the top and that Ms. James testified that this type of notice would have been mailed in a window envelope establishes that the notice was mailed to the taxpayer's last known address. However, Plaintiffs contend that since the only document that Defendants can produce shows that the letter was not properly addressed, the requirements of Section 6212 have not been satisfied.

While the court recognizes Ms. James' knowledge of the IRS procedures concerning the mailing of statutory notices, and is also troubled by the fact that no return

notices were ever placed in Plaintiffs' file, the court finds it persuasive that the only documentary evidence that the IRS can produce in this matter indicates that Plaintiffs' notice was in fact not mailed to their last known address. Regarding Ms. James' testimony, while she stated that this type of notice would have been mailed in a window envelope, she could not specifically recall how the Councils' notice was prepared. It must also be noted that this notice was prepared in April, a time when Ms. James' office was preparing five to seven hundred notices. Under such circumstances, it is certainly not inconceivable that the Councils' notice might have been placed in an envelope which did not have a window.

Also lending credence to Plaintiffs' claim is the DuBois letter of October 18, 1983, which is important for two reasons. First, it shows that the Councils began to inquire about their notice in ample time for the IRS to consult the one piece of information which might have settled this dispute—namely, the Postal Service's record concerning certified mail. However, the IRS did not respond with the only mailing document—their own certified mailing list—until 1987, well after the destruction of any Postal Service documents, which would have occurred in mid-to-late April of 1985.

Second, with regard both to the IRS's contention that the notice was properly mailed as well as their alternative argument that the discrepancy on the certified mailing list would not have been enough to bar delivery of the notice, the letter also shows that Plaintiffs and Mr. DuBois were denying receipt of the notice at a time when they had no reasonable motive to fabricate a story, for they did not yet know what evidence the IRS might produce to verify mailing. If the Councils and/or Mr. DuBois actually received the May 1983 notice, it would have been quite risky for Plaintiffs to bypass their opportunity to petition the Tax Court on the slim hope that the IRS would not be able to verify the mailing.

Continuing with their argument that the discrepancy would not have been enough to

bar delivery of the letter, the IRS also offered the testimony of James Kennon, who served as the Councils' letter carrier in May of 1983. While the court acknowledges Mr. Kennon's testimony that a letter misaddressed to the Councils would have been delivered so long as he could ascertain their names on the mailing, Mr. Kennon, like Ms. James, could not recall whether he in fact delivered mail to the Councils during the time in question or what may have happened to this particular notice. In addition, the cases cited by Defendants to support their contention all involve situations where the letter, though misaddressed, either was actually delivered to the taxpayer or refused by the taxpayer after attempted delivery by the Postal Service. *See Riley v. Commissioner*, 49 T.C.M. (CCH) 1483 (1985) (notice effective where *de minimis* error in spelling of street name did not cause delay or confusion in delivery and it was undisputed that delivery was attempted by the Postal Service); *Great United Realty Co. v. United States*, 532 F.2d 750, 76 U.S. Tax Cas. (CCH) ¶ 9184 (4th Cir. 1976) (minor discrepancies in address of taxpayer were not sufficient to invalidate notice which unerringly found its way to the office of the taxpayer); *Whitmer v. Commissioner*, 53 F.2d 1006 (7th Cir.1931), *vacated*, 285 U.S. 529, 52 S.Ct. 410, 76 L.Ed. 925 (1932) (notice incorrectly addressed but delivered to person who regularly accepted mail for taxpayer was valid; case vacated due to abatement). Defendants have been unable to provide, and this court has been unable to locate, any cases where notice was deemed sufficient under facts paralleling those in this case, *i.e.*, where there is no evidence that actual or attempted delivery of the notice was made.

Finally, concerning Defendants' argument that the Councils received notice of the deficiency through their dealings with the IRS and their accountant, Section 6212 does not place upon Plaintiffs the burden of hounding the IRS for delivery of a possible notice of deficiency. While the tax court has determined that notice transmitted by certified mail, ordinary mail, or hand delivery will be sufficient, *see McKay v. Commissioner*, 89 T.C. 1063 (1987) (copy of

notice transmitted from taxpayer's attorney to taxpayer sufficient for actual notice purposes), and even that oral notice from the IRS to a taxpayer may be sufficient for actual notice, *see Zaun v. Commissioner,* 62 T.C. 278 (1974), there is no support for the view that mere dealings with the IRS or even oral notice from the taxpayer's representative to the taxpayer is sufficient to constitute actual notice.

WHEREFORE, based on the foregoing, the court makes the following

## CONCLUSIONS OF LAW

1. Under 26 U.S.C. § 6212, notices of deficiency are effective only when they are sent to the taxpayer's last known address or when notice of deficiency is actually physically received by the taxpayer even if there is an error in the address.

2. Defendants, by mailing the statutory notice of deficiency to 7± Corte Del Bayo rather than 71 Corte Del Bayo, did not comply with Section 6212.

3. Evidence of the Internal Revenue Service's procedures regarding the mailing of statutory notices of deficiency and the fact that neither the notice sent to the Councils nor to their accountant was returned to the Councils' file are insufficient to establish that the Councils actually physically received a copy of the statutory notice of deficiency.

4. Dealings between the IRS and Plaintiffs and their accountant are also insufficient to establish actual notice.

5. Defendants' failure to mail the statutory notice to Plaintiffs' last known address or to provide Plaintiffs with timely actual notice of the deficiency deprived Plaintiffs of their opportunity to file a petition in the tax court.

6. The statute of limitations regarding the Councils' 1979 return expired May 5, 1983. No valid statutory notice of deficiency was issued prior to this date.

7. Consequently, Defendants' pending levy and tax lien are unlawful and unenforceable.

An order and judgment in accordance with this memorandum opinion shall be entered contemporaneously herewith.

## ORDER and JUDGMENT

Based on the Findings of Fact and Conclusions of Law contained in the memorandum opinion filed contemporaneously herewith,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

Defendants are hereby PERMANENTLY ENJOINED from collection of the deficiency asserted against Plaintiffs for the 1979 tax year and are further ordered to REVOKE AND CANCEL the tax lien of record forthwith.