T.C. Memo. 1997-515


UNITED STATES TAX COURT


KEITH LEE WILSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22103-96.                 Filed November 17, 1997.


Keith Lee Wilson, pro se.

<u>Nancy C. McCurley</u>, for respondent.



MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Larry L. Nameroff pursuant to section 7443A(b)(4)and Rules

180, 181 and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

NAMEROFF, Special Trial Judge:  On October 15, 1996, petitioner filed his petition placing in issue taxable years 1986 through 1993 "and/or 1994".  On December 13, 1996, respondent moved to dismiss this case for lack of jurisdiction and to strike as to taxable years 1986, 1987, 1989 through 1991, and 1994. Respondent's grounds with respect to 1986, 1990, and 1994 are that no notice of deficiency has been issued for those years. Respondent's grounds for dismissing 1987, 1989, and 1991 are that the petition was untimely filed 133 days after the mailing of the notice of deficiency.  After petitioner filed his objection and respondent filed a response thereto, a hearing was set and held on June 9, 1997.

At the hearing, petitioner conceded that no notice of deficiency had been issued for 1986, 1990, and 1994, and, therefore, respondent's motion to dismiss those years for lack of jurisdiction was appropriate.  However, petitioner contends that the dismissal of 1987, 1989, and 1991 should be based on the ground that the notice of deficiency was not sent to his last

---

[1]  All section references are to the Internal Revenue Code as amended.  All Rule references are to the Tax Court Rules of Practice and Procedure.

known address.[2]  Since it is clear that the petition was not
filed within 90 days of the mailing of the notice of deficiency
for 1987, 1989, and 1991 (the subject notice of deficiency),
those years will be dismissed for lack of jurisdiction.  The
question to be resolved is the ground upon which to base the
dismissal.[3]

On June 4, 1996, respondent mailed by certified mail
duplicate copies of the subject notice of deficiency to
petitioner.  One copy was mailed to 9570 Wilshire Boulevard,
Beverly Hills, California 90212, which the parties agree was not
petitioner's last known address; petitioner did not receive that
copy.  The other copy was mailed to 750 El Medio, Pacific
Palisades, California 90272-3452.  Petitioner resided at 705 El
Medio, Pacific Palisades, California.  Petitioner did not receive
the notice of deficiency mailed to 750 El Medio.

---

[2]  Where jurisdiction is lacking because of the
Commissioner's failure to issue a valid notice of deficiency, we
will dismiss on that ground, rather than on the ground that the
taxpayer failed to file a timely petition.  Shelton v.
Commissioner, 63 T.C. 193 (1974); O'Brien v. Commissioner, 62
T.C. 543, 548 (1974); Heaberlin v. Commissioner, 34 T.C. 58, 59
(1960).

[3]  If respondent is sustained, the petition is untimely, and
the deficiencies and additions to tax may be assessed.
Petitioner's recourse then would be to pay the tax, file a claim
for refund with the Internal Revenue Service and, if the claim is
denied, sue for a refund in the appropriate Federal District
Court or the Court of Federal Claims.  If petitioner is
sustained, the notice of deficiency is a nullity, and respondent
may not assess the deficiencies or additions to tax, under normal
circumstances, unless a valid notice of deficiency is issued.

Respondent later mailed by certified mail a notice of deficiency for 1988, 1992, and 1993 to petitioner at 705 El Medio on July 8, 1996, and petitioner received that notice of deficiency in a timely fashion. The petition herein is timely with respect to that notice of deficiency.

The envelope in which the subject notice of deficiency was mailed by respondent was received in evidence. It is a standard business-sized window envelope. Across the window was a scrawling apparently made by a felt-tip pen. Above the window in blue ballpoint pen are the numbers "705". On the right-hand side of the envelope is a stamp providing for entries on four lines identified as "Name", "First Notice", "Second Notice", and "Return". Entries on or near these four lines are respectively "MLJ", "6-5-96", "6-10", and "6-20". In addition, the envelope bears the stamps "unclaimed" and "return to sender" and indications that the envelope was received by the Los Angeles District of the Internal Revenue Service on June 25, 1996, and by suspense control of Internal Revenue Service on July 3, 1996.

Respondent presented the testimony of Anthony Ficklin (Mr. Ficklin), a delivery supervisor of the U.S. Postal Service, who had been in that position approximately 8 to 9 years and had been at the branch of the Pacific Palisades, California, post office handling petitioner's mail delivery for about 5 years. Mr. Ficklin was familiar with the procedures for handling certified

mail in the post office at Pacific Palisades. He testified that the routine procedure for handling certified mail was to attempt to personally deliver certified mail to the addressee. If the addressee was not home, the mail carrier would leave a yellow notice, Form 3849, at the residence notifying the person that there was an accountable piece of mail that needed to be picked up from the Postal Service. The Form 3849 usually indicates the identification of the sender. Normal procedures of the Postal Service are to leave not only a first notice but a second and third notice to the addressee of the certified mail. If the certified mail is not picked up within 15 days, it is returned to the sender.

Mr. Ficklin examined the subject envelope and opined that someone had written the correct numbers of petitioner's address, 705, on the envelope and had attempted to make delivery of the envelope by leaving notices. Mr. Ficklin indicated that there was a person under his supervision by the name of May Johnson (Ms. Johnson), whose initials may have been MLJ. Ms. Johnson still works for the U.S. Postal Service at a different office in Los Angeles.

Petitioner testified that the identity of his mail carrier in 1996 was one Dean Holmes (Mr. Holmes). Mr. Ficklin acknowledged that Mr. Holmes had been in the Pacific Palisades office but believed that he had been retired in 1996. Mr.

Ficklin had no personal knowledge of any of the entries on the face of the subject envelope.[4]

## Discussion

Before an action can be commenced in this Court, a valid notice of deficiency must be sent by the Commissioner to the taxpayer. Monge v. Commissioner, 93 T.C. 22, 27 (1989); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). Section 6212(a) authorizes the Commissioner to send the notice of deficiency to the taxpayer by certified mail. Section 6212(b)(1) provides, in effect, that the notice of deficiency is valid if it is mailed to the taxpayer at the taxpayer's last known address. Actual receipt of the notice of deficiency by the taxpayer is not required if the notice was mailed to the taxpayer's last known address. Keado v. United States, 853 F.2d 1209 (5th Cir. 1988).

A notice of deficiency is intended to serve two purposes. Frieling v. Commissioner, 81 T.C. 42, 52 (1983). It is intended to notify a taxpayer that a deficiency has been determined against the taxpayer and to give the taxpayer the opportunity to petition this Court for a redetermination of that deficiency. Id. As previously noted, a notice of deficiency mailed to the

---

[4] Petitioner objected to Mr. Ficklin's testimony in toto on the basis of competence and hearsay. To the extent that Mr. Ficklin was testifying as to post office procedures, we overrule petitioner's objection. To the extent that Mr. Ficklin was testifying to the timing and the accuracy of the information on the subject envelope, his testimony is inadmissible hearsay.

taxpayer at his or her last known address is valid, whether or not it is actually received. Keado v. United States, supra.

An inconsequential error in the address will not preclude a finding that a notice of deficiency was valid. Frieling v. Commissioner, supra (misaddressed notice of deficiency was valid where taxpayers filed a timely petition). Instances where an error has been found inconsequential have generally involved one or both of the following situations: (1) The error was so minor that it would not have prevented delivery, e.g., McMullen v. Commissioner, T.C. Memo. 1989-455; Kohilakis v. Commissioner, T.C. Memo. 1989-366; or (2) the error did not result in actual prejudice to the taxpayer-addressee, e.g., Frieling v. Commissioner, supra; Iacino v. Commissioner, T.C. Memo. 1992-111 (where a notice of deficiency mailed to 6221 East 42nd Avenue instead of 6211 East 42nd Avenue resulted in actual notice without prejudicial delay, the notice was valid although misaddressed); McMullen v. Commissioner, supra; Riley v. Commissioner, T.C. Memo. 1985-231. The present case falls into neither category.

We therefore consider whether, under the facts and circumstances presented here, respondent's error in addressing the notice of deficiency was consequential.

Respondent contends that the envelope, returned marked "unclaimed", indicates both that a delivery attempt was made and

that two efforts were made to notify the addressee that mail was waiting for him at the post office. Respondent argues that this evidence is sufficient to demonstrate that the error in the address was inconsequential.

Respondent also identifies several cases which respondent argues are so factually similar as to compel the conclusion that the error was inconsequential. Two of the cases relied upon by respondent are Kohilakis v. Commissioner, supra; and McMullen v. Commissioner, supra. Each of the cases cited by respondent is distinguishable.

In Kohilakis v. Commissioner, supra, a notice of deficiency was addressed to the taxpayers at 184 Lincolm Ave., rather than at their correct address at 184 Lincoln Blvd. The Court held that the notice had been mailed to the last known address because the error was inconsequential. Respondent indicates that Kohilakis differs from this case only in that the taxpayers in Kohilakis were out of the country at the time delivery was attempted, whereas it is unclear in this instance whether petitioner was at home or traveling.

We see greater distinctions than does respondent between the present case and Kohilakis. Specifically, a person unfamiliar with the addressee could likely have delivered the Kohilakis notice to the correct address. Moreover, in Kohilakis the taxpayers had previously received correspondence from the

Commissioner at the Lincoln Ave. address. In the present case, certified mail sent to petitioner at the incorrect address was never received.

Riley v. Commissioner, supra, also involved a misspelled street address. The form used by the Postal Service to return the unclaimed notice of deficiency to the Commissioner had the proper address written on it by the Postal Service. Consequently, there was "no dispute that delivery was attempted by the postal service." Id. Accordingly, although the taxpayer in Riley never received the notice of deficiency, the Court held that the notice was valid because it had been sent to the taxpayer's last known address.

By contrast, while the Court accepts in this case that delivery of the misaddressed mail was attempted at some address, we do not find conclusive the testimony of Mr. Ficklin that the Postal Service would have delivered the misaddressed mail to the correct address. Where the primary issue for resolution is whether the manner in which respondent misaddressed the notice of deficiency would have impeded its arrival at petitioner's home, guesswork by the supervisor is not a valid substitute for the testimony of the actual carrier.

In McMullen v. Commissioner, supra, the taxpayer's address was 17503 Muirfield Drive, Dallas, Texas. Although otherwise correct, the notice of deficiency was addressed to 17503 Murield

Drive.  No such address existed in Dallas.  The Court found that delivery at the proper address was attempted and held that, despite the minor spelling error, the notice of deficiency had been mailed to the taxpayer's last known address.

The case before us involves inverted numbers rather than a minor spelling error.  Moreover, we are not prepared to find, as a factual matter, that delivery of the notice of deficiency was attempted at the correct address.  Therefore, the case before us differs significantly from McMullen.

In cases such as the present one, where the Commissioner's error prevented delivery of the notice of deficiency and where the taxpayer was not made aware that a notice of deficiency had been issued in time to file a timely petition, courts have held that the notice of deficiency was invalid for failure to comply with section 6212.  E.g., Mulvania v. Commissioner, 769 F.2d 1376 (9th Cir. 1985), affg. T.C. Memo. 1984-98; Heaberlin v. Commissioner, 34 T.C. 58 (1960); Council v. Burke, 713 F. Supp. 181 (M.D.N.C. 1988).

In Heaberlin v. Commissioner, supra, the notice of deficiency was addressed to the taxpayer at 2803 S.E. 14th Street, rather than 2907 S.E. 14th Street.  The taxpayer "later" received notification that a registered letter was being held for him at the post office, and "after considerable delay, he personally called for and accepted delivery of the notice".

Id. at 59. Distinguishing other cases, the Court observed that "The filing of the petition was timely in all of those cases and obviously the taxpayer had suffered no damage and had lost no right as a result of the error in the address. However, those cases do not justify a holding here that Heaberlin had waived anything by filing a petition after the expiration of the 90 days". Id.

In Mulvania v. Commissioner, supra, the taxpayer had actual notice, through his accountant (who had received a copy), that a notice of deficiency had been sent to him. The notice was sent to St. Linda Isle Drive rather than to the taxpayer's correct address at 57 Linda Isle Drive. However, affirming the Tax Court's order of dismissal, the Court of Appeals concluded that "The IRS is not forgiven for its clerical errors or for mailing notice to the wrong party unless the taxpayer, through his own actions, renders the Commissioner's error harmless. In this case, the notice of deficiency became null and void when it was returned to the IRS undelivered." Id. at 1380.

In Council v. Burke, supra, the taxpayers did not file a timely petition and challenged the validity of a misaddressed notice of deficiency. In that case, the Commissioner offered testimonial evidence, similar to that offered here, that the letter carrier might have delivered the notice of deficiency to the correct address even though it was misaddressed. The

District Court discounted that testimony in light of all the facts and circumstances, noting that the letter carrier could not recall delivering the specific notice of deficiency. The court held that the misaddressed notice of deficiency was invalid.

The misaddressed notice of deficiency mailed to petitioner in this case failed to notify him that a deficiency had been determined and thus deprived him of the opportunity to petition this Court for a redetermination of the deficiency. See Frieling v. Commissioner, 81 T.C. at 52. Had the notice of deficiency not been misaddressed, it would have been valid whether or not petitioner received it. Lifter v. Commissioner, 59 T.C. 818 (1973).

This is not a case where a taxpayer refused to accept delivery of a notice of deficiency or refused to collect such a notice from the post office. Indeed, shortly after the mailing of the subject notice of deficiency, respondent mailed another notice of deficiency for other years to petitioner's correct address, and petitioner accepted delivery of that notice and timely filed a petition with this Court. Rather, petitioner was prejudiced by the fact that respondent's error prevented him from becoming aware that the notice of deficiency had been mailed until after the time for filing a petition had passed.

Accordingly, on the basis of the facts and circumstances of this case and the foregoing analysis, we shall deny respondent's Motion to Dismiss for Lack of Jurisdiction for the years 1987,

1989, and 1991, and we shall dismiss this case for lack of jurisdiction as to those years on the ground that no valid notice of deficiency was ever issued.

To reflect the foregoing,

An order will be issued dismissing 1987, 1989, and 1991 for lack of jurisdiction on the ground of an invalid notice of deficiency.