JOHN AND ROSE KOHILAKIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kohilakis v. Commissioner
Docket No. 22198-88
United States Tax Court
T.C. Memo 1989-366; 1989 Tax Ct. Memo LEXIS 365; 57 T.C.M. (CCH) 1054; T.C.M. (RIA) 89366; July 25, 1989
Milton Shaiman, for the petitioners. Diane Mirabito, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This case was heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7443A and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. *366 OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed October 25, 1988. We held a hearing on the motion on March 20, 1989 and received a stipulation, testimony and exhibits. The stipulated facts are so found. Petitioners resided at 184 Lincoln Boulevard, Hauppauge, New York 11788 at the time the petition herein was filed. Their 1984 joint income tax return indicated the Hauppauge address. On October 29, 1986 respondent sent a 30-day letter to petitioners at "184 Lincoln Blvd." advising them of proposed adjustments to their 1984 return. Petitioners responded to the letter on November 7, 1986. On May 11, 1987 respondent mailed a report to petitioners at "184 Lincolm Ave." stating that respondent had considered the information provided by petitioners on November 7, 1986 but that the information did not justify a change in the proposed adjustments. On May 20, 1987 petitioners, in a letter to the Internal Revenue Service at Holtsville, New York requested a meeting with an examiner at a local district office. Petitioners' letter of May 20, 1987 showed a letterhead giving *367 their address as "184 Lincoln Ave." By letter dated December 14, 1987 respondent notified petitioners that he had received their request for an interview and would transfer their return to a local district office. In a letter dated January 16, 1988 to petitioners at "184 Lincolm Ave." respondent rescheduled the appointment for the examination of petitioners' 1984 return to March 3, 1988. Petitioners did not attend the scheduled March 3, 1988 examination of their 1984 income tax return. On December 11, 1987 respondent mailed a notice of deficiency for the taxable year 1984 by certified mail to petitioners at "184 Lincolm Ave." Hauppauge, New York. On December 15, 1987 and December 19, 1987 the United States Postal Service attempted to deliver the notice of deficiency so addressed. On December 30, 1987 the notice of deficiency was returned to respondent marked "Unclaimed." The 90-day period for timely filing the petition in this case expired on Thursday, March 10, 1988, which date was not a legal holiday in the District of Columbia. The petition herein was filed with the Tax Court on August 26, 1988, which date is 259 days after the mailing of the statutory notice of deficiency. *368 On October 25, 1988 respondent filed a motion to dismiss this case for lack of jurisdiction on the ground that the petition was not timely filed. At the hearing held by this Court on March 20, 1989 petitioners contended that the notice of deficiency is invalid in that it was not mailed to petitioners' last known address within the meaning of the statute. See section 6212(a) and (b)(1). It is well settled that in order to maintain an action in this Court there must be both a valid notice of deficiency and a timely filed petition. . Section 6212(a) authorizes the Secretary, upon the determination of a deficiency in income tax, to issue a notice of deficiency by certified or registered mail. Section 6212(b)(1) provides that the mailing of the notice of deficiency to the taxpayer's "last known address" shall constitute sufficient notice. A notice of deficiency which is properly mailed need not be received to be effective. , affd. per curiam . Petitioners' address shown on their 1984 income tax return was "184 Lincoln Blvd. *369 " in Hauppauge, N.Y. Respondent mailed the statutory notice of deficiency herein involved to petitioners at "184 Lincolm Ave." in Hauppauge, N.Y. The United States Postal Service, after two unsuccessful attempts to deliver the notice of deficiency, returned it to respondent marked "Unclaimed." Petitioner John Kohilakis testified that he never received the notice of deficiency. [2] On these facts, petitioners contend that the notice of deficiency dated December 11, 1987 was not mailed to their "last known address" and hence was not a valid notice of deficiency. We do not agree. We do not believe that respondent's use of "184 Lincolm Ave." rather than "184 Lincoln Blvd." is of sufficient consequence to invalidate the notice of deficiency. A communication from respondent to petitioner on May 11, 1987 at "184 Lincolm *370 Ave." was received by petitioner. Significantly, petitioner in his response to the May 11, 1987 letter on May 20, 1987 from the Internal Revenue Service, used "184 Lincoln Ave." as his home address. Again on January 16, 1988 respondent communicated with petitioner by letter sent to the "184 Lincolm Ave." address. In short, neither the use of "Ave." rather than "Blvd." nor the misspelling of "Lincoln" as "Lincolm" appear to be a contributing factor to the failure to receive the December 11, 1987 notice of deficiency. Inconsequential errors of this nature in addressing a notice of deficiency do not destroy its validity. , affd. ; . In this respect, we should note that petitioner's argument in his initial objection filed with the Court to respondent's motion to dismiss was that he never received the statutory notice of deficiency because he was in Greece at that time. Petitioner testified that "an invalid person stays in the house that sometimes picks up the mail while we are away." Petitioner also testified *371 that he did not know if the mail was picked up every day. This somewhat casual arrangement would readily explain the failure to receive the certified mail which, after two unsuccessful attempts at delivery by the Postal Service, was returned to the sender. We conclude on this record that respondent has complied with the requirements of section 6212(b)(1) in mailing the notice of deficiency to petitioners' last know address. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On June 6, 1988 petitioners received a Statement of Tax Due on Federal Tax Return for the 1984 taxable year. They filed their petition in this Court on August 26, 1988. It is clear that the statement of tax due did not constitute a statutory notice of deficiency within the meaning of the statute so as to extend the time for filing a timely petition with this Court.↩