WAYLON E. AND JANET L. MCMULLEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McMullen v. Commissioner
Docket No. 39752-87
United States Tax Court
T.C. Memo 1989-455; 1989 Tax Ct. Memo LEXIS 455; 57 T.C.M. (CCH) 1400; T.C.M. (RIA) 89455; August 28, 1989
*455 Held: Statutory notice was mailed to petitioners' last known address notwithstanding an immaterial mistake in the spelling of the street name in that address. Waylon E. McMullen, pro se. Steve Brower, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: This cause is pending before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, petitioners' Objection to Respondent's Motion to Dismiss for Lack of Jurisdiction, and on Petitioners' own Motion to Dismiss for Lack of Jurisdiction. There is no dispute between the parties as to the *456 facts which are material to both Motions. Respondent's Motion is based on the fact that the petition was filed after the expiration of the 90-day period. Petitioners assert that the statutory notice was not sent to their last known address. The notice of deficiency on which the petition in this case was based is for the year 1982. It is dated October 8, 1986, and was mailed to petitioners by certified mail on October 8, 1986. It was not received by petitioners. The record includes a copy of the executed Application for Registration or Certification, Postal Service Form 3877. In the absence of contrary evidence, Form 3877 is proof of mailing of the notice of deficiency. , cert. denied ; ; , affd. per curiam . In this case mailing has been conclusively proven. Petitioners have not seriously contested this fact. The petition was filed on December 28, 1987, over a year after the mailing of the notice *457 of deficiency. Therefore, respondent's Motion must be granted if the notice was mailed to petitioners' last known address. . The notice of deficiency was addressed to petitioners at "17503 Murield Drive, Dallas, Texas 75252." The parties have stipulated that the correct spelling of the name of the street on which petitioners resided is "Muirfield" Drive. The notice of deficiency was ultimately returned by the Postal Service to respondent as unclaimed. The issue is thus whether this misspelling of the word "Muirfield" causes the address used by respondent to fail to be petitioners' last known address. The 1987-1988 Southwestern Bell Telephone Directory shows petitioners' residence as being on a street spelled "Murfield." The 1980 Census Tract for the City of Dallas lists neither a street spelled "Murield" nor "Murfield," but instead lists a street spelled "Muirfield" as containing street numbers 17400-17499. These numbers do not include the number of petitioners' residence which is 17503. The deed pursuant to which title was transferred to petitioners has typed on it in the upper right hand corner under the printed *458 words "Grantee's Address" a street name spelled "Muirfield Drive." The 1986 Dallas MAPSCO does not list a street spelled "Murield Drive" but does list two other streets, one spelled "Murfield Drive" and the other "Muirfield Drive." Both of these streets have the same zip code number 75252 and the description of the location of the two streets is otherwise identical. Both streets purport to be located on Map No. 4M. However, Map 4M of the 1986 Dallas MAPSCO shows only a street spelled "Muirfield Drive." The statutory notice, addressed as indicated, went to the Bent Tree Post Office, the branch office with responsibility for mail addressed to zip code number 75252, which is petitioners' current zip code. Branch post offices have lists of every street and block number within the zip code or codes which they cover which is referred to as a "scheme." A scheme is used by post office clerks who are "scheme qualified" when a piece of mail is received in which the street name is misspelled or where a street name is lacking. Mail is normally delivered to branch post offices based on zip codes. Thus, irrespective of errors in the street name or number the statutory notice in this case would *459 in any event have been delivered to the Bent Tree Post Office, based on the zip code. The current scheme (as of the date of trial) which is dated February 27, 1988, shows a street named "Murfield Drive" which includes house numbers 17500-17599. It was the normal custom at post offices at the time the statutory notice was mailed to petitioners for the particular branch post office responsible for delivery of a certified mail envelope to attach to the envelope Form 3849-A which has several copies. The forms are attached by gluing to the envelope a piece on the left edge of the form from which the form may be separated by tearing. If delivery is attempted and is unsuccessful, the original of Form 3849-A is left in the addressee's mailbox and the certified mail letter is returned to the branch post office by the carrier. A few days after that, the clerks in the branch post office prepare another copy of Form 3849 which is referred to as 3849-B. This copy of the form includes both the date on which second delivery is to be attempted and the date on which the letter is to be returned to the sender if undelivered. The Form 3849-B is kept in the branch post office as the record of the *460 attempted delivery of certified mail. The practices of the post office also require that where a signature by the addressee is needed, as is the case with certified mail, the carrier goes to the door to attempt delivery rather than simply stopping at the post office box. In this particular case the copy of Form 3849-B retained in the files of the Bent Tree Post Office has inserted in the upper right hand corner next to the printed word: "ARTICLE NO." a number identical with the certified mail number of the envelope in which the statutory notice was mailed. This same number also appears in Form 3877. In another box on the form under the title "CLAIM CHECK NO." appears the same claim check number which is preprinted on the yellow slip glued to this envelope. Petitioners' name is written on the copy of the Form 3849-B. We find that the statutory notice in its mailing envelope arrived at the Bent Tree Post Office. The yellow slip on the envelope itself shows that the first attempted delivery to petitioners occurred on October 11, 1986. This date was inserted by carrier Travis Rackley in pencil after unsuccessfully attempting personal delivery of the envelope at petitioners' residence. *461 The original of Form 3849-A was left in petitioners' mailbox by Mr. Rackley on this date. A second delivery of the statutory notice was attempted on October 22, 1986, and a second form was left in petitioners' mailbox. The envelope was returned to respondent on October 27, 1986, as unclaimed. The envelope was received by respondent on November 5, 1986. During the fall of 1986 petitioners had two sons ages 9 and 11 living in the house with them. We cannot on this record make any finding as to what happened to the Forms 3849 which were left in petitioners' mailbox on October 11 and October 22, 1986. Nevertheless, delivery was attempted by the post office twice and the customary forms were left in petitioners' mailbox which, if they had been acted on by petitioners, would have allowed petitioners to receive the article of certified mail being held at the Bent Tree Post Office for them, i.e., the statutory notice. Under section 6212, [1] respondent is authorized to mail a notice of deficiency by either registered or certified mail and the notice must be addressed to the taxpayer at the taxpayer's last known address. Receipt of a statutory notice is immaterial if in fact it was *462 mailed to the taxpayer's last known address. , affg. ; ; ; Monge v. Commissioner, 93 T.C. (July 12, 1989); . Mailing has been proven. . The only issue is whether the notice was mailed to petitioners' last known address. The facts in this case are virtually the same as , in that the street name used for issuance of the statutory notice was misspelled but the evidence showed that that spelling error would not have caused any difficulty in delivery of the statutory notice to the taxpayer's residence. As in Riley, the misspelling of the street name in this case did not prevent the post office carrier from attempting to deliver *463 the statutory notice to petitioners' residence. Thus the notice was mailed to petitioners' last known address. Accordingly, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted and petitioners' Motion to Dismiss for Lack of Jurisdiction will be denied. Petitioners' Motion requests injunctive relief because of the issuance by respondent of a notice of levy and the filing of a notice of Federal tax lien. Our jurisdiction under section 6213(a) to enjoin such actions requires the filing of "a timely petition for a redetermination of the deficiency." Since a timely petition was not filed in this case, we have no jurisdiction to grant such relief. An appropriate order and decision will be issued. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect for the year in issue.↩