CHARLES H. VIOLETTE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Violette v. Commissioner
Docket No. 2078-89
United States Tax Court
T.C. Memo 1994-173; 1994 Tax Ct. Memo LEXIS 173; 67 T.C.M. (CCH) 2715; April 19, 1994, Filed *173 An order will be entered denying respondent's Motion to Dismiss for Lack of Jurisdiction and granting petitioner's Motion to Dismiss for Lack of Jurisdiction. For petitioner: Harlan H. Guettermann. For respondent: William G. Bissell. DAWSON; ARMEN
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr. pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This case is before the Court on the parties' cross-motions to dismiss for lack of jurisdiction. Petitioner's motion is premised on the ground that respondent failed to send a valid notice of deficiency to him at his last known address. Respondent's motion is premised *174 on the ground that petitioner failed to file a timely petition in response to a valid notice. Because the jurisdiction of this Court is limited by statute and attaches only upon the issuance of a valid notice of deficiency and the timely filing of a petition, this case must be dismissed for lack of jurisdiction. This Court has jurisdiction to decide if we have jurisdiction of a case. Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999 (1978). The only question is upon whose motion it will be dismissed. Where jurisdiction is lacking because of the Commissioner's failure to issue a valid notice of deficiency, we will dismiss on that ground, rather than on the ground that the taxpayer failed to file a timely petition. Shelton v. Commissioner, 63 T.C. 193 (1974); O'Brien v. Commissioner, 62 T.C. 543, 548 (1974); Heaberlin v. Commissioner, 34 T.C. 58, 59 (1960). Petitioner resided in Huntsville, Texas, at the time the petition was filed in this case. Background
Respondent determined a deficiency in petitioner's Federal income tax, additions to tax, *175 and additional interest under section 6621(c) for the taxable year 1981. Respondent set forth her determination in a notice of deficiency which was sent to petitioner by certified mail on January 27, 1986. The notice of deficiency was addressed to petitioner at 1943 South First Street, Conroe, Texas 77301. That address was incorrect. Petitioner actually resided at 1934 South First Street. No mail could have been delivered to 1943 South First Street because no such address existed in Conroe. Neither the Conroe city letter carrier nor his primary alternate would have attempted delivery at the 1943 South First Street address for that reason. Petitioner did not receive the notice of deficiency, which was returned to respondent, with the envelope marked "unclaimed." [2] On the returned envelope also appeared the notation "First Notice, 1-30-83". Under that, there were notations that postal service notices were issued on "2-4" and "2-14," [3] indicating that a certified letter was being held at the post office. There is no written indication on the envelope, or elsewhere, of where delivery was attempted or where the postal service notices were left. Petitioner was not aware that *176 a notice of deficiency had been issued until he received a bill reflecting respondent's assessment. The petition in this case was filed in this Court on January 30, 1989. Petitioner, a commercial airline pilot, traveled frequently in 1981. When not traveling, petitioner resided in a mobile home park. Each trailer in the park, including petitioner's, was assigned its own address and mailbox. On occasion, the manager (the manager) of the mobile home park where petitioner lived accepted mail addressed to petitioner and gave it to him. Although petitioner *177 never authorized the manager to accept mail on his behalf, he never asked her not to accept his mail. At the time the notice of deficiency was issued, the manager was approximately 85 years old. In November 1985, the manager accepted a letter that had been sent by respondent by certified mail addressed to petitioner at 1943 South First Street. The manager signed the certified mail receipt using the name "Mrs. C. Violette". Petitioner, who was not married to the manager and who, in fact, had never been married as of the time of trial, did not receive that letter. Petitioner has filed other petitions with the Court in other cases in a timely fashion. Discussion
Before an action can be commenced in this Court, a valid notice of deficiency must be sent by the Commissioner to the taxpayer. Monge v. Commissioner, 93 T.C. 22, 27 (1989); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). Section 6212(a) authorizes the Commissioner to send the notice of deficiency to the taxpayer by certified mail. Section 6212(b)(1) provides, in effect, that the notice of deficiency is valid if it is mailed to the taxpayer at the taxpayer's *178 last known address. Actual receipt of the notice of deficiency by the taxpayer is not required if the notice was mailed to the taxpayer's last known address. Keado v. United States, 853 F.2d 1209 (5th Cir. 1988). A notice of deficiency is intended to serve two purposes. Frieling v. Commissioner, 81 T.C. 42, 52 (1983). It is intended to notify a taxpayer that a deficiency has been determined against the taxpayer and to give such taxpayer the opportunity to petition this Court for a redetermination of that deficiency. Id. As previously noted, a notice of deficiency mailed to the taxpayer at his or her last known address is valid, whether or not it is actually received. Keado v. United States, supra.
An inconsequential error in the address will not preclude a finding that a notice of deficiency was valid. Frieling v. Commissioner, supra (misaddressed notice of deficiency valid where taxpayers filed a timely petition). Instances where an error has been found inconsequential have generally involved one or both of the following situations: (1) *179 The error was so minor that it would not have prevented delivery, e.g., McMullen v. Commissioner, T.C. Memo. 1989-455; Kohilakis v. Commissioner, T.C. Memo. 1989-366; or (2) the error did not result in actual prejudice to the taxpayer-addressee, e.g., Frieling v. Commissioner, supra; Riley v. Commissioner, T.C. Memo. 1985-231; Iacino v. Commissioner, T.C. Memo. 1992-111 (where a notice of deficiency mailed to 6221 East 42nd Avenue instead of 6211 East 42nd Avenue resulted in actual notice without prejudicial delay, the notice was valid although misaddressed); McMullen v. Commissioner, supra.The present case falls into neither category. We therefore consider whether, under the facts and circumstances presented here, respondent's error in addressing the notice of deficiency was consequential. Respondent offered as evidence the testimony of the primary and alternate letter carriers and the returned envelope containing the notice of deficiency. The letter carriers testified that they would *180 have delivered the notice of deficiency to petitioner at his correct address. The envelope, returned marked "unclaimed", indicates both that a delivery attempt was made and that two efforts were made to notify the addressee that mail was waiting for him at the post office. Respondent argues that this evidence is sufficient to demonstrate that the error in the address was inconsequential. Respondent also identifies several cases which she argues are so factually similar as to compel the conclusion that the error was inconsequential. The cases relied upon by respondent are Clodfelter v. Commissioner, 57 T.C. 102 (1971), affd. 527 F.2d 754 (9th Cir. 1975); Kohilakis v. Commissioner, supra; Riley v. Commissioner, supra; and McMullen v. Commissioner, supra. Each of the cases cited by respondent is distinguishable. In Clodfelter v. Commissioner, supra, the Commissioner mailed a notice of deficiency to the taxpayers at an incorrect address. That address had been provided informally by one *181 of the taxpayers. The taxpayers responded to at least one other letter mailed by the Commissioner to the wrong address without correcting the error. Moreover, "The street address error in mailing the notice of deficiency caused no delay in its receipt by petitioners", and the taxpayers filed a timely petition in this Court. Id. at 104. Consequently, the Court held that respondent had mailed the notice of deficiency to the taxpayers' last known address. Several facts distinguish Clodfelter from the circumstances presented here. The most significant fact for our purposes is that the taxpayers in that case were not prejudiced. Rather, they were able to file a timely petition. By contrast, in the present case, petitioner was prejudiced because he was not able to file a petition within 90 days of the mailing of the notice of deficiency. In Kohilakis v. Commissioner, supra, a notice of deficiency was addressed to the taxpayers at 184 Lincolm Ave., rather than at their correct address at 184 Lincoln Blvd. The Court held that the notice had been mailed to the last known address because the error was inconsequential. *182 Respondent indicates that Kohilakis differs from this case only in that the taxpayers in Kohilakis were out of the country at the time delivery was attempted, whereas it is unclear in this instance whether petitioner was at home or traveling. We see greater distinctions than does respondent between the present case and Kohilakis. Specifically, a person unfamiliar with the addressee could likely have delivered the Kohilakis notice to the correct address. Moreover, in Kohilakis, as in Clodfelter, the taxpayers had previously received correspondence from the Commissioner at the Lincolm Ave. address. In fact, the taxpayers had used Lincoln Ave. as the return address on at least one letter to the Commissioner. In the present case, a certified letter mailed to petitioner at the incorrect address was accepted by the manager, before the notice of deficiency was mailed to such incorrect address. We find credible, and accept, petitioner's testimony that he never received mail from respondent addressed to him at the 1943 South First Street address. The fact that misaddressed mail was accepted by the manager does not undermine petitioner's claim. Riley v. Commissioner, T.C. Memo. 1985-231, *183 also involved a misspelled street address. The form used by the postal service to return the unclaimed notice of deficiency to the Commissioner had the proper address written on it by the postal service. Consequently, there was "no dispute that delivery was attempted by the postal service." Id. Accordingly, although the taxpayer in Riley never received the notice of deficiency, the Court held that the notice was valid because it had been sent to the taxpayer's last known address. By contrast, while the Court accepts in this case that delivery of the misaddressed mail was attempted at some address, we do not find conclusive the testimony of the letter carriers that they would have delivered the misaddressed mail to the correct address. We discount their testimony for four reasons: First, the primary letter carrier candidly admitted that some mail addressed to petitioner may have been delivered instead to the manager, and the alternate letter carrier admitted similarly that some mail may have been misdelivered at the mobile home park where petitioner resided. Second, if the letter carriers attempted delivery to an address other than the one on the envelope, they could have *184 so indicated, as was done in Riley. Third, the letter carriers were unable to recall delivering the specific notice. Finally, the use of "83" rather than "86" as the year of the attempted delivery date suggests a lack of attention to detail that we are unwilling to overlook under such circumstances, where the primary issue for resolution is whether the manner in which respondent misaddressed the notice of deficiency would have impeded its arrival at petitioner's home. In McMullen v. Commissioner, T.C. Memo. 1989-455, the taxpayer's address was 17503 Muirfield Drive, Dallas, Texas. Although otherwise correct, the notice of deficiency was addressed to 17503 Murield Drive. No such address existed in Dallas. The Court found that delivery at the proper address was attempted and held that, despite the minor spelling error, the notice of deficiency had been mailed to the taxpayer's last known address. The case before us involves inverted numbers rather than a minor spelling error. Moreover, we are not prepared to find, as a factual matter, that delivery of the notice of deficiency was attempted at the correct address. Therefore, the case before *185 us differs significantly from McMullen. In cases such as the present one, where respondent's error prevented delivery of the notice of deficiency and where the taxpayer was not made aware that a notice of deficiency had been issued in time to file a timely petition, courts have held that the notice of deficiency was invalid for failure to comply with section 6212. E.g., Mulvania v. Commissioner, 769 F.2d 1376 (9th Cir. 1985), affg. T.C. Memo. 1984-98; Council v. Burke, 713 F.Supp. 181 (M.D.N.C. 1988); Heaberlin v. Commissioner, 34 T.C. 58 (1960). In Heaberlin v. Commissioner, supra, the notice of deficiency was addressed to the taxpayer at 2803 S.E. 14th Street, rather than 2907 S.E. 14th Street. The taxpayer "later" received notification that a registered letter was being held for him at the post office, and "after considerable delay, he personally called for, and accepted, delivery of the notice." Heaberlin v. Commissioner, supra at 59. Distinguishing other cases, the Court observed *186 that "The filing of the petition was timely in all of those cases and obviously the taxpayer had suffered no damage and had lost no right as a result of the error in the address. However, those cases do not justify a holding here that Heaberlin had waived anything by filing a petition after the expiration of the 90 days." Id.
In Mulvania v. Commissioner, supra, the taxpayer had actual notice, through his accountant (who had received a copy), that a notice of deficiency had been sent to him. The notice was sent to St. Linda Isle Drive rather than to the taxpayer's correct address at 57 Linda Isle Drive. However, affirming the Tax Court's order of dismissal, the Court of Appeals concluded that "The IRS is not forgiven for its clerical errors or for mailing notice to the wrong party unless the taxpayer, through his own actions, renders the Commissioner's error harmless. In this case, the notice of deficiency became null and void when it was returned to the IRS undelivered." Id. at 1380. In Council v. Burke, supra, the taxpayers did not file a timely petition and challenged the *187 validity of a misaddressed notice of deficiency. In that case, the Commissioner offered testimonial evidence, similar to that offered here, that the letter carriers would have delivered the notice of deficiency to the correct address even though misaddressed. The district court rejected that testimony, as we do here, because the letter carrier could not recall delivering the specific notice of deficiency. The court held that the misaddressed notice of deficiency was invalid. The misaddressed notice of deficiency mailed to petitioner in this case failed to notify him that a deficiency had been determined against him and thus deprived him of the opportunity to petition this Court for a redetermination of the deficiency. See Frieling v. Commissioner, 81 T.C. 42, 52 (1983). Had the notice of deficiency not been misaddressed, respondent would not bear the burden of that failure. Lifter v. Commissioner, 59 T.C. 818 (1973). This is not a case where a taxpayer refused to accept delivery of a notice of deficiency or refused to collect such a notice from the post office. Rather, petitioner was prejudiced by the fact that *188 respondent's error prevented petitioner from becoming aware that the notice of deficiency had been mailed until after the time for filing a petition had passed. Accordingly, based upon the facts and circumstances of this case and the foregoing analysis, we will deny respondent's Motion to Dismiss for Lack of Jurisdiction, and we will grant petitioner's Motion to Dismiss for Lack of Jurisdiction on the ground that no valid notice of deficiency was ever issued. To reflect the foregoing, An order will be entered denying respondent's Motion to Dismiss for Lack of Jurisdiction and granting petitioner's Motion to Dismiss for Lack of Jurisdiction. Footnotes
1. All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. "Unclaimed" was one of the options available to explain why the letter was being "Returned to Sender." The other options were: "Refused"; "Addressee unknown"; "Insufficient Address"; "No such street number"; "No such office in state"; "Do not remail in this envelope".↩
3. No year is provided for the last two dates. Respondent offered testimonial evidence that the "83" date was an error. The notice of deficiency was mailed by respondent on January 27, 1986.↩