T.C. Memo. 1998-142


UNITED STATES TAX COURT


RICHARD L. PICKERING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19487-97.                    Filed April 16, 1998.


Richard L. Pickering, pro se.

<u>Richard Fultz</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed November 25, 1997.  There

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

is no dispute that the petition was not filed within the 90-day period prescribed by section 6213(a). The question presented is whether the notice of deficiency is valid notwithstanding the fact that respondent mailed the notice to an address that included an incorrect ZIP code.

Background

On July 7, 1995, respondent mailed a notice of deficiency to petitioner by certified mail. In the notice, respondent determined a deficiency in petitioner's Federal income tax and an accuracy-related penalty under section 6662(a) for the taxable year 1992 in the amounts of $2,314 and $463, respectively.

The notice of deficiency was addressed to petitioner at P.O. Box 54, Wrightwood, California 92393-0054. The correct ZIP code for Wrightwood, California is 92397. The incorrect ZIP code that respondent used in mailing the notice of deficiency is for Victorville, California.

On August 4, 1995, the envelope bearing the notice of deficiency was returned to respondent undelivered and marked "unclaimed". The envelope was not marked "address unknown", "insufficient address", or "no such street or number". The envelope included markings indicating that notices of certified mail U.S. Postal Service Form 3489 (Form 3849) were delivered to P.O. Box 54 on July 11 and 19, 1995.

Petitioner filed a petition for redetermination with the Court on September 23, 1997.[2]  The petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark of September 16, 1997.

As indicated, respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not timely filed.  Petitioner filed a response to respondent's motion in which he stated that he had not become aware of the notice of deficiency until February 5, 1996, that he has cooperated with respondent since that time, and that he filed his petition with the Court after exhausting all administrative remedies.

This matter was called for hearing at the Court's motions session in Washington, D.C., on January 21, 1998.  Counsel for respondent appeared at the hearing and presented argument in support of the pending motion.  During the hearing, the Court suggested that respondent attempt to obtain from the U.S. Postal Service any records pertaining to the attempted delivery of the notice of deficiency and a statement from the U.S. Postal Service concerning the procedures that are followed when an item of mail contains an incorrect ZIP code.

This matter was called for a second hearing at the Court's motions session in Washington, D.C., on March 25, 1998.  Counsel

---

[2]  At the time that the petition was filed, petitioner resided in Wrightwood, California.

for respondent appeared at the hearing and submitted to the Court a statement by Michelle Marks, the acting Postmaster of the Wrightwood, California Post Office. Ms. Marks' statement indicates that the records concerning the attempted delivery of the notice of deficiency in question were destroyed in the normal course of business in July 1997, 2 years after the attempted delivery. Ms. Marks' statement further indicates that the incorrect ZIP code used in the address on the notice of deficiency would not have affected the proper delivery of the item to petitioner at the Wrightwood Post Office.

Although petitioner did not appear at either of the hearings described above, he did file a supplemental response with the Court on March 25, 1998, repeating without elaboration his prior assertion that the notice of deficiency was not mailed to his correct address and that he did not receive the notice.

Discussion

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice

of deficiency to the taxpayer at the taxpayer's "last known address".  Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).  If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice by the taxpayer is immaterial.  King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52.  The taxpayer, in turn, generally has 90 days from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

It is evident from the undisputed facts in this case that the Court lacks jurisdiction.  In particular, there is no dispute that the petition was not filed within the 90-day period prescribed by section 6213(a).  However, in view of the fact that respondent used an incorrect ZIP code in mailing the notice of deficiency, the issue that remains concerns the validity of the notice.  If we were to conclude that the notice of deficiency is invalid, then we would dismiss this case on that basis, rather than for lack of a timely filed petition.  See Keeton v. Commissioner, 74 T.C. 377, 379-380 (1980).

The Court has long held that an inconsequential error in the address used in mailing a notice of deficiency does not render the notice invalid.  See Frieling v. Commissioner, supra

(misaddressed notice of deficiency valid where taxpayers filed a timely petition).  An error in the address used in mailing a notice of deficiency is inconsequential where the error is so minor that it would not prevent delivery of the notice.  See McMullen v. Commissioner, T.C. Memo. 1989-455; Kohilakis v. Commissioner, T.C. Memo. 1989-366.

In Watkins v. Commissioner, T.C. Memo. 1992-6, the Court sustained the validity of a notice of deficiency mailed to an address that included an incorrect ZIP code.  The Court reasoned as follows:

> According to the [United States Postal Service Domestic Mail Manual], the address may include the name of the recipient, the rural route and box number, the city, and State.  It is recommended that ZIP code be used.  However, the ZIP code number is not a requirement for proper delivery, but is for the convenience of the Postal Service and is helpful to ensure prompt delivery.  In our view, the typing of the incorrect 5-digit ZIP code on the notice and mailing envelope is a de minimis error not fatal to a notice of deficiency. * * *

Unlike the present case, the record in Watkins included the testimony of the rural letter carrier that the incorrect ZIP code did not cause confusion in the attempted delivery of the notice. The letter carrier testified that she left two notices of certified mail (Form 3849) in the taxpayers' mailbox in an effort to deliver the notice of deficiency.

Nevertheless, the principle that an incorrect ZIP code constitutes an inconsequential error with respect to the mailing

of a notice of deficiency has been applied in the absence of evidence of actual delivery of the notice. See, e.g., <u>Boothe v. Commissioner</u>, T.C. Memo. 1986-361; see also <u>Armstrong v. Commissioner</u>, T.C. Memo. 1992-328, affd. 15 F.3d 970 (10th Cir. 1994); <u>Greenstein v. Commissioner</u>, T.C. Memo. 1990-405; <u>Zee v. Commissioner</u>, T.C. Memo. 1987-83; cf. <u>Price v. Commissioner</u>, 76 T.C. 389, 392 (1981).

As was the case in <u>Boothe</u>, we focus on the fact that, the incorrect ZIP code aside, the notice of deficiency was properly addressed to petitioner using his correct name, post office box number, city, and State. In addition, the record includes a statement from the acting Postmaster in Wrightwood, California, that the incorrect ZIP code would not have affected the proper delivery of the notice of deficiency. Petitioner has offered no evidence to the contrary. Further, we find it significant that the envelope bearing the notice of deficiency was returned to respondent marked "unclaimed", as opposed to "address unknown", "insufficient address", or "no such street or number".[3]

Considering all of the circumstances, we are satisfied that the use of an incorrect ZIP code in the mailing of the notice of deficiency in this case constitutes an inconsequential error that

---

[3] We also note that the current Domestic Mail Manual (DMM) of the U.S. Postal Service continues to state that a ZIP code is not a required element of a delivery address for every piece of mail deposited into the postal system. DMM, sec. A010.12, Issue 53 (Jan. 1, 1998).

did not adversely affect the proper delivery of the notice of deficiency.  We can only conclude that petitioner failed to receive the notice of deficiency by virtue of his own inaction. Accordingly, we shall grant respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed.[4]

To reflect the foregoing,

<u>An order of dismissal will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction</u>.

---

[4] Although petitioner cannot pursue his case in this Court, he is not without a remedy.  In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims.  See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).