T.C. Memo. 2002-257

UNITED STATES TAX COURT

DIETER STUSSY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4088-02.                    Filed October 8, 2002.

Dieter Stussy, pro se.

<u>Angelique M. Neal</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This matter is before the
Court on Respondent's Motion To Strike Portions Of The Petition,
filed pursuant to Rule 52.[1]  The issue raised by the motion is
whether portions of petitioner's attachment to his petition

_____

[1]  Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

should be stricken as frivolous, immaterial, nonjusticiable, and/or incomprehensible, and as violating the requirements of Rule 34(b)(5).[2]  A hearing was conducted in Los Angeles, California.  At the hearing, petitioner orally moved to have the case dismissed for lack of jurisdiction, asserting that the notice of deficiency is invalid.  At the conclusion of the hearing, the Court took both motions under advisement.

<u>Background</u>

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1998 in the amount of $2,983. The cover page of the notice of deficiency shows a deficiency amount of $2,938 for the 1998 taxable year.  However, all of the information contained in the explanatory statements accompanying the notice shows the computation of the deficiency amount of $2,983.  Respondent simply made a $45 typographical error on the face of the notice, resulting from the transposition of the last two digits in the deficiency amount.

The notice of deficiency included the following documents: (1) A cover letter titled "Notice of Deficiency"; (2) a Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment (Waiver Statement); (3) a Form 4089-A, Notice of Deficiency Statement; (4) a Form 5278,

---

[2]  Petitioner's attachment to his petition is made a part of the petition.

Statement--Income Tax Changes; (5) a statement titled "Explanation of Adjustments"; and (6) a statement titled "1998- Schedule A-Itemized Deductions".

In the Explanation of Adjustments, respondent described in detail the following adjustments made to petitioner's 1998 tax return: (1) Contributions of $2,306.78 deducted on Schedule A were disallowed for lack of substantiation; (2) miscellaneous other expenses of $2,700.27 deducted on Schedule A were disallowed for lack of substantiation, failure to establish that the expense was ordinary and necessary, and failure to establish that the expense qualifies as a miscellaneous other expense pursuant to the Internal Revenue Code (Code); (3) other miscellaneous deductions of $4,074.36 for section 691 expense deducted on Schedule A were disallowed for lack of substantiation and failure to establish that the expense qualifies as an other miscellaneous deduction pursuant to the Code; and (4) interest expense of $4,665.21 deducted on Schedule C was disallowed for lack of substantiation, failure to establish that the expense was ordinary and necessary, and failure to establish that the expense qualifies as interest pursuant to the Code.

On the Statement--Income Tax Changes, respondent increased petitioner's taxable income by the disallowed amounts described above and revised petitioner's taxable income for the year at issue. In accordance with the revised taxable income, respondent

determined an increase in petitioner's income tax of $2,983. The increased income tax amount of $2,983 was also reflected on the Waiver Statement and the Notice of Deficiency Statement.

Petitioner filed a petition with the Court, attaching an 8-page statement that included a "detailed explanation of disagreement" with respondent's determinations and a request for a finding that the notice of deficiency is invalid on its face.

Respondent filed a Motion To Strike Portions Of The Petition, requesting the Court to strike various sentences in paragraphs 1 through 7 of petitioner's statement attached to the petition. Respondent asserts that the language sought to be stricken in the petition is not proper, does not comply with the Rules, and makes frivolous, vague, and immaterial allegations and assertions with no factual basis.

Petitioner's Opposition To Respondent's Motion To Strike Portions Of The Petition was filed claiming respondent's motion has no merit. Petitioner claims that each paragraph in the petition contains a clear and concise assignment of error committed by respondent. Further, petitioner contends that respondent misinterprets Rule 34(b) to require that "each and every sentence of the petition be enumerated" and asserts that respondent moves to strike portions of the petition solely on that misunderstanding.

## Discussion

1.  Petitioner's Oral Motion To Dismiss for Lack of Jurisdiction

We first consider petitioner's oral motion to dismiss for lack of jurisdiction due to an invalid notice of deficiency. If we sustain petitioner's motion, finding the notice to be invalid, the Court will lack jurisdiction to hear this case and respondent's motion to strike will become moot. Accordingly, the Court's jurisdiction over this matter is resolved initially.

The United States Tax Court is a court of limited jurisdiction. See sec. 7442. Under section 6213(a), the Court has jurisdiction to redetermine deficiencies determined by the Commissioner. The Court's jurisdiction over deficiency proceedings is contingent upon the issuance of a valid notice of deficiency and a timely filed petition. See Rule 13(a), (c); DaBoul v. Commissioner, 429 F.2d 38 (9th Cir. 1970); Monge v. Commissioner, 93 T.C. 22, 27 (1989). "Thus, a valid notice of deficiency and a timely petition are essential to our deficiency jurisdiction, and we must dismiss any case in which one or the other is not present." Monge v. Commissioner, supra at 27.

A notice of deficiency is intended to serve two purposes. Frieling v. Commissioner, 81 T.C. 42, 53 (1983). It is intended to notify a taxpayer that a deficiency has been determined against the taxpayer and provide the taxpayer with the

opportunity to petition this Court for a redetermination of that deficiency.  Id.

In Scar v. Commissioner, 814 F.2d 1363, 1368 (9th Cir. 1987), revg. 81 T.C. 855 (1983), the Court of Appeals for the Ninth Circuit held that respondent must consider information relating to a particular taxpayer before respondent can be said to have determined a deficiency with respect to that taxpayer.

For purposes of determining whether the notice of deficiency provides sufficient information to apprise the taxpayer that the Commissioner has determined a deficiency in tax, a notice of deficiency includes the cover page and all attached pages and documents.  Smith v. Commissioner, T.C. Memo. 1979-16.

If a notice of deficiency otherwise fulfills its purpose, we have held that a mathematical error in the notice will not invalidate the notice where the taxpayer is not misled by the error.  See Myers v. Commissioner, T.C. Memo. 1981-84; see also Smith v. Commissioner, supra.

Despite a trivial transposition error on the cover page of the notice of deficiency, petitioner was adequately informed of the income tax and issues in controversy by the notice of deficiency.  The petition indicates that petitioner was not misled by the transposition error; rather, petitioner was fully aware of the typographical error's existence.  The notice of deficiency was not misleading and put petitioner on notice that

respondent had determined a deficiency in his Federal income tax for the year at issue. We attach no credence to petitioner's argument that he was misled by such an insignificant error.

Petitioner cites Scar v. Commissioner, supra, and Foster v. Commissioner, 80 T.C. 34 (1983), affd. in part and vacated in part 756 F.2d 1430 (9th Cir. 1985), for the proposition that a "[single] deficiency must be found" for the notice of deficiency to be valid. Petitioner's interpretation of both of these cases is misplaced.

In Scar, the taxpayers received a notice of deficiency that disallowed a loss deduction from a partnership in which the taxpayers owned no interest. Further, the notice computed a tax due using the highest marginal tax rate at the time. In considering whether the notice of deficiency was valid, the Court of Appeals for the Ninth Circuit held that a notice of deficiency is invalid if it is clear from the notice itself that the Commissioner had not reviewed the taxpayers' return or otherwise made a determination of a deficiency with respect to the taxpayers' liability for the particular taxable year. Scar v. Commissioner, supra at 1370.

The courts applying Scar have limited the rule established in the case to its specific facts. See Kantor v. Commissioner, 998 F.2d 1514, 1521-1522 (9th Cir. 1993), affg. in part and revg. in part T.C. Memo. 1990-380; Clapp v. Commissioner, 875 F.2d

1396, 1402 (9th Cir. 1989). Simply stated, the rule set forth in Scar applies in the narrow set of circumstances where the notice of deficiency on its face reveals that respondent failed to make a determination. See Campbell v. Commissioner, 90 T.C. 110, 112-113 (1988).

Here the facts are in no way analogous to the facts in Scar. Respondent did review petitioner's 1998 tax return and made adjustments to petitioner's Schedule A and Schedule C. Based on those adjustments, respondent determined a deficiency in tax for the tax year at issue. The transposition error on the cover page does not affect the validity of the notice.

Furthermore, the holding in Foster is inapplicable here and does not stand for the proposition asserted by petitioner. See Foster v. Commissioner, supra.

Additionally, petitioner cites Wilson v. Commissioner, T.C. Memo. 1997-515, and Violette v. Commissioner, T.C. Memo. 1994-173, for the proposition that a "typographical error in a critical place" on the notice of deficiency is sufficient to invalidate the notice. Petitioner's interpretation incorrectly broadens the holding in each case to encompass all typographical errors. The error in each of those cases was in the address to which the deficiency notice was mailed and was deemed sufficient to affect delivery of the notice. The facts in each case are therefore easily distinguishable from the facts here.

We find the transposition error in the notice of deficiency to be inconsequential and hold that the notice of deficiency is valid. Consequently, we deny petitioner's oral motion to dismiss for lack of jurisdiction.

2. <u>Respondent's Motion To Strike Portions of the Petition</u>

Pursuant to Rule 52, respondent moves to strike various portions of the petition as frivolous, vague, and immaterial allegations and assertions with no factual basis. Pages 2 and 3 of respondent's motion identify the specific portions of the petition which respondent seeks to strike. We need not detail each specific statement sought to be stricken as petitioner was properly served and is aware of respondent's position.

Under Rule 52, this Court, upon timely motion by a party or upon the Court's own initiative at any time, may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter.

A motion to strike matter from a pleading will be granted only if the moving party establishes (1) that the matter has no possible bearing upon the subject matter of the litigation, and (2) that prejudice will result to the moving party if the motion is not granted. <u>Estate of Jephson v. Commissioner</u>, 81 T.C. 999, 1001 (1983).

A petition must contain (1) clear and concise assignments of

each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency, and (2) clear and concise lettered statements of the facts on which petitioner bases the assignments of error. Rule 34(b)(4) and (5).

The portions of the petition which respondent seeks to strike include various code sections, regulations, public laws, a revenue ruling, and several cases from this Court and other Federal courts. In addition, the petition includes petitioner's opinions, arguments, legal theories, and conclusions.

We have read the petition and find that the matter which respondent seeks to strike from the petition has no possible bearing upon the subject matter of the litigation. The objectionable material does not contain assignments of errors or statements of facts as required by the Rules. See Rule 34(b)(4) and (5). The language used is immaterial and impertinent to a properly pled petition.

Petitioner is not prejudiced in any way by striking this language. With the language stricken, any justiciable assignment of error or statement of fact on which petitioner relies remains in the petition. Additionally, petitioner is free to raise legal arguments, cite authority, and draw conclusions therefrom at the proper time. Striking the matter from the petition is warranted

by Rules 34, 40, and 52.  Cf. <u>Ballantine v. Commissioner</u>, 74 T.C. 516 (1980).

Accordingly, respondent's motion to strike the language from the petition will be granted, and our order will specify what portions of the petition are to be stricken.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.