T.C. Memo. 2007-138


UNITED STATES TAX COURT


FRED SEBASTIAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8013-05L.                    Filed May 31, 2007.


     On Mar. 10, 2005, R sent a notice of determination
concerning collection action by certified mail to P's
last known address.  The address contained an erroneous
ZIP Code.  Delivery attempts were made on Mar. 14 and
Apr. 11, 2005.  The notice of determination was
delivered on Apr. 13, 2005.

     P filed a petition on Apr. 27, 2005.  R filed a
motion to dismiss P's petition for lack of jurisdiction
on the ground that it was not filed timely.

     <u>Held</u>:  The notice of determination concerning
collection action is valid as it was sent by certified
mail to petitioner's last known address.

     <u>Held</u>, <u>further</u>: Because P did not file timely his
petition, this Court lacks jurisdiction to review R's
determination to proceed with collection action.

Fred Sebastian, pro se.

T. Richard Sealy III, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This collection review case is before the Court on respondent's motion to dismiss for lack of jurisdiction. The issue for decision is whether the notice of determination concerning collection action was mailed to petitioner's last known address.

FINDINGS OF FACT

At the time the petition was filed, petitioner resided in Chaparral, New Mexico.  The address petitioner provided on his petition was "864 Broadmoor, Chaparral, New Mexico, 41011."  The ZIP Code "41011" was crossed out and replaced by the handwritten notation "88081".

Petitioner did not file a Federal tax return for any of the taxable years 1995 through 2004.  On May 25, 2001, respondent mailed to petitioner Proposed Individual Income Tax Assessments for taxable years 1996, 1997, and 1999.  On June 24, 2001, respondent received from petitioner a letter disputing the proposed assessments.  Petitioner listed his address as "864 Broadmoor, Chaparral, NM 88021".  Petitioner's arguments regarding the assessments consisted solely of tax-protester rhetoric.

On October 11, 2004, respondent mailed to petitioner a Final Notice--Notice Of Intent To Levy And Notice Of Your Right To A Hearing. The notice was addressed to "864 Broadmoor, Chaparral, NM 88021-7504645 [sic]". In response, petitioner, on November 9, 2004, submitted timely a Form 12153, Request for a Collection Due Process Hearing. Petitioner listed his address on Form 12153 as "864 Broadmoor, Chaparral, NM 88081". Petitioner failed to state his disagreement with the levy. The only notation petitioner provided on Form 12153 was: "ALL FACTUAL ISSUES WILL BE DISCUSSED AT THE LIVE IN PERSON HEARING THAT I WILL BE AUDIO TAPING."

In response, on February 4, 2005, respondent's Albuquerque Appeals Office mailed to petitioner a letter entitled We Received Your Request for A Collection Due Process Hearing And We Need To Advise You On Procedures. The letter was addressed to "864 Broadmoor, Chaparral, NM 41011". The letter advised petitioner that settlement officer Joann Mares (Ms. Mares) had been assigned to his case. It also explained that petitioner was not entitled to a face-to-face hearing because he had raised only frivolous or groundless arguments. The letter further stated that if petitioner still desired a "face-to-face" hearing, he "must be prepared to discuss issues relevant to paying * * * [his] tax liability"; otherwise petitioner was entitled to a telephonic hearing, which was scheduled for February 17, 2005. The letter instructed petitioner to call Ms. Mares, or to reschedule the

hearing if that date was inconvenient.  Petitioner did not call Ms. Mares for his scheduled telephonic hearing, and it does not appear that petitioner attempted to reschedule his hearing.

The Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for taxable years 1996 and 1997 was mailed to petitioner on March 10, 2005.[1]  The notice of determination was addressed to "Fred Sebastian, 864 Broadmoor, Chaparral, NM 41011".  According to U.S. Postal Service Form 3877, the envelope that contained the notice of determination was addressed to "Fred Sebastian, 864 Broadmoor, Chaparral, New Mexico, 71011".[2]  The correct ZIP Code for Chaparral, New Mexico, is 88081.[3]

A U.S. Postal Service track and confirm receipt reflects that the notice of determination arrived in Anthony, New Mexico, 88021, on March 14, 2005, at 9:44 a.m.  The track and confirm receipt further provides that on March 14, 2005, at 1:05 p.m., a notice of attempted delivery was left in petitioner's mail box.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) of 1986, as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]While the envelope that contained the notice of determination was not part of the record, both parties agree that the envelope contained an incorrect ZIP Code.

[3]ZIP Code 41011, which respondent listed on the notice of determination, is for Covington, Kentucky.  ZIP Code 71011, which according to Form 3877 respondent listed on the envelope containing the notice of determination, is an invalid ZIP Code.

Petitioner's mail box is physically located on a rural road with three other neighbors' mail boxes and is in front of 860 Broadmoor, which is two houses down from petitioner's house. The notice of attempted delivery was recorded in Chaparral, New Mexico, 88081. Additionally, the track and confirm receipt reflects that a second notice of attempted delivery was delivered on April 11, 2005, at 4:26 p.m., and was recorded in Anthony, New Mexico, 88021. The track and confirm receipt provides that the notice of determination was delivered in Chaparral, New Mexico, 88081, on April 13, 2005, at 9:44 a.m., which delivery date was more than 30 days after the mailing of the notice of determination.[4]

The notice of determination was delivered to a contract postal unit located in the General Store in Chaparral, New Mexico. In response to the second notice of attempted delivery, petitioner requested that his certified letter be delivered to the General Store. It is unclear from the record the exact date that petitioner retrieved the notice of determination from the General Store. It would have occurred, however, sometime after

---

[4]A taxpayer has 30 days after the issuance of the notice of determination concerning collection action to petition this Court for a redetermination. See sec. 6330(d)(1). The notice of determination was mailed to petitioner on March 10, 2005. Taking into account an intervening weekend, the 30th day thereafter was Monday, Apr. 11, 2005. See sec. 7503.

April 13 and before April 21, 2005, when the petition was mailed to this Court.

The Court received and filed petitioner's petition on April 27, 2005. On June 16, 2005, respondent filed a motion to dismiss for lack of jurisdiction. Petitioner filed an objection to respondent's motion to dismiss for lack of jurisdiction on July 26, 2005. A hearing was held on respondent's motion on November 23, 2005. Petitioner failed to appear at the hearing. The Court ordered that the case be continued for further hearing on respondent's motion. A subsequent evidentiary hearing was held on February 6, 2006.

OPINION

## Collection Action

### A. General Rules

Pursuant to section 6331(a), if a taxpayer liable to pay taxes fails to do so within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon the taxpayer's property. The Secretary is obliged to provide the taxpayer with 30 days' advance written notice of levy and to include in the notice information regarding the administrative appeals available to the taxpayer. Sec. 6331(d)(2), (4). The written notice that the Secretary is obliged to provide shall be given in person; left at the taxpayer's dwelling or usual place of business; or sent by

certified or registered mail, return receipt requested, to the taxpayer's last known address.  Secs. 6330(a)(2), 6331(d)(2). Section 6330 elaborates on section 6331 and provides that upon a timely request a taxpayer is entitled to a collection hearing before the IRS Office of Appeals.  Sec. 6330(a)(3)(B), (b)(1).

The taxpayer is entitled to appeal the determination of the Appeals Office, if made on or before October 16, 2006, to the Tax Court or a U.S. District Court, depending on the type of tax at issue.  Sec. 6330(d).[5]  It is well established that this Court's jurisdiction under section 6330 depends on the issuance of a valid notice of determination and the filing of a timely petition for review.  See Rule 330(b); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

Because the petition was filed late, this case must be dismissed.  The issue for decision is whether the dismissal of this case should be based on petitioner's failure to file a timely petition, or whether dismissal should be based on respondent's failure to issue a valid notice of determination. The answer makes a significant difference to the parties.  If jurisdiction is lacking because of respondent's failure to issue a valid notice of determination, then the Court will dismiss on

---

[5]Determinations made after Oct. 16, 2006, are appealable only to the Tax Court.  See Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019.

that ground, and respondent will be unable to collect by levy without repeating the process, assuming the statute of limitations is still open. See Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); Weinroth v. Commissioner, 74 T.C. 430, 434-435 (1980). If the Court dismisses because the petition was filed late, then respondent can proceed with enforced collection of the tax.

B. Notice of Determination Concerning Collection Action

Section 6330(d) does not specify the means by which the Commissioner is required to give notice of a determination made under section 6330. Regulations promulgated under section 6330 provide that "Taxpayers will be sent a dated Notice of Determination by certified or registered mail." Sec. 301.6330-1(e)(3), Q&A-E8, Proced. & Admin. Regs. This Court has held that respondent's compliance with the methodology of section 6212(a) and (b) will suffice. Weber v. Commissioner, 122 T.C. 258, 261 (2004). Specifically, this Court has held "that a notice of determination issued pursuant to sections 6320 and/or 6330 is sufficient if such notice is sent by certified or registered mail to a taxpayer at the taxpayer's last known address." Id. at 261-262.

Section 6212 does not require actual receipt by a taxpayer of the notice of deficiency. If the notice of deficiency is sent

by certified mail to the taxpayer's last known address, actual receipt of the notice is immaterial. Sec. 6212(b)(1); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). Thus, in Weber v. Commissioner, supra at 263, the notice of determination concerning collection action, sent by certified mail to the taxpayer's last known address, was held to be valid even though the taxpayer received the notice after the expiration of the 30-day filing period.

Regulations promulgated under section 6212 define "last known address" as "the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the Internal Revenue Service (IRS) is given clear and concise notification of a different address." Sec. 301.6212-2(a), Proced. & Admin. Regs. The taxpayer bears the burden of proving that a notice of deficiency was not mailed to his or her last known address. Yusko v. Commissioner, 89 T.C. 806, 808 (1987) (citing Mollet v. Commissioner, 82 T.C. 618, 624-625 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985)).

It is well established that an inconsequential error in the address used in mailing the notice of deficiency does not render the notice invalid. Yusko v. Commissioner, supra at 810; Pickering v. Commissioner, T.C. Memo. 1998-142. An error in the address used to mail the notice of deficiency is inconsequential

where the error is so minor that it did not prevent delivery of the notice. Pickering v. Commissioner, supra (citing McMullen v. Commissioner, T.C. Memo. 1989-455 and Kohilakis v. Commissioner, T.C. Memo. 1989-366). This Court has specifically held that an error in the ZIP Code constitutes an inconsequential error and does not affect the last known address. Gam v. Commissioner, T.C. Memo. 2000-115; Pickering v. Commissioner, supra; Watkins v. Commissioner, T.C. Memo. 1992-6; Boothe v. Commissioner, T.C. Memo. 1986-361.

In the instant case, the Court concludes that the notice of determination concerning collection action was mailed to petitioner's last known address, and the incorrect ZIP Code is an inconsequential error. The address used to mail the notice of determination is the same address listed by petitioner in his correspondence with respondent and on Form 12153.[6] The notice of determination correctly listed petitioner's name, street address, city and State, but incorrectly provided the ZIP Code.[7] See Pickering v. Commissioner, supra; Boothe v. Commissioner, supra. Despite the error, within 4 days of respondent's mailing the notice of determination, it was received by the Anthony, New

---

[6]Petitioner did not file a Federal tax return for any of the taxable years 1995 through 2004.

[7]It is noteworthy that petitioner incorrectly listed his own ZIP Code in correspondence with respondent.

Mexico, U.S. Postal Service, and delivery to petitioner was attempted.

At trial, the Postmaster of Anthony, New Mexico, Bob Moulds (Mr. Moulds) stated that a ZIP Code is not required for proper delivery of an item, but does expedite delivery, and is considered part of the address once added.  See Watkins v. Commissioner, supra.  Mr. Moulds testified that the incorrect ZIP Code in the address used to mail the notice of determination did not affect the proper delivery of the notice to petitioner. Mr. Moulds stated that an item mailed from Austin, Texas, such as the notice of determination, would not have had sufficient time to be sent to the incorrect ZIP Code used in mailing the notice, and then be sent to Anthony, New Mexico, in the span of 4 days.

Mr. Moulds testified that he believed the notice of determination was sent from Austin, Texas, to Albuquerque, New Mexico, then to Las Cruces, New Mexico, and finally to Anthony, New Mexico, which was the normal course of mail, despite the error in the ZIP Code.  The tracking information presented to the Court appears to confirm that the incorrect ZIP Code did not adversely affect delivery of the notice of determination.

Mr. Moulds also testified as to the usual procedure followed for certified mail.  Certified mail is scanned at the U.S. Postal Service Office and treated as an accountable.  Initially, the mail carrier takes the accountable with him or her to the address

of delivery.  When the mail carrier arrives at the address of delivery, he or she honks the mail truck's horn a couple of times to alert the addressee that he or she has an accountable. Generally, if the addressee is home, he or she will meet the mail carrier at the mail box to sign for the accountable.[8]  The mail carrier is not required to go to the door of the address of delivery; standard procedure is to honk the mail truck's horn.

If the addressee does not meet the mail carrier at the mail box, the mail carrier leaves a notice informing the addressee that he or she has an accountable.[9]  The mail carrier generates the notice of attempted delivery by scanning the bar code on the accountable and printing a notice which includes the time and date of the attempted delivery.  Generally, if the addressee does not contact the U.S. Postal Service regarding the first notice, a second notice is delivered approximately 5 days after the first notice.  A postal employee at the U.S. Postal Service Office scans the bar code on the accountable and prints a notice, and

---

[8]Petitioner testified that he was aware of the standard procedure for certified mail and accountables.  Petitioner further testified that due to the size of his property and the fact that his mail box is located a distance from his house, he sometimes cannot hear the mail carrier honk his or her horn, or is unable to make it to the mail box in time to meet the mail carrier before he or she continues on his or her route.

[9]Petitioner testified that he did not receive the first notice of attempted delivery.  Petitioner claimed that his mail box was damaged, and that there are high winds in his area that have caused his mail to be lost.

the mail carrier delivers only the second notice of attempted delivery.

In the instant case, due to a shortage of postal workers, the second notice of attempted delivery was not delivered to petitioner until April 11, 2005, almost a month after the first delivery attempt. The notice of determination was delivered on April 13, 2005, which was after the expiration of the 30-day filing period. This was unfortunate, but "Once the notice of deficiency is mailed to the taxpayer's last known address, nothing in the Code requires respondent to take additional steps to effectuate delivery." Howard v. Commissioner, T.C. Memo. 1993-315 (citing Pomeroy v. United States, 864 F.2d 1191, 1195 (5th Cir. 1989) and King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. on other grounds 88 T.C. 1042 (1987)).

The Court concludes that respondent mailed the notice of determination concerning collection action to petitioner's last known address, and that the erroneous ZIP Code was an inconsequential error because it did not adversely affect the proper delivery of the notice. Accordingly, the notice of determination is valid. The Court will grant respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not filed timely.

The Court has considered all of the petitioner's contentions, arguments, requests, and statements. To the extent

not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>An order will be entered dismissing this case for lack of jurisdiction</u>.