T.C. Memo. 2011-129

UNITED STATES TAX COURT

NAMHI LEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21200-10.                    Filed June 9, 2011.

<u>Antar P. Jones</u>, for petitioner.

<u>Michael DeMatos</u> and <u>Rose R. Gole</u>, for respondent.

MEMORANDUM OPINION

JACOBS, <u>Judge</u>:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent's motion is premised on the ground that petitioner did not file her petition within the time prescribed in section

6213(a).[1]  Petitioner filed an objection to respondent's motion alleging that respondent's notice of deficiency on which this case is based is invalid because it was not properly addressed to her.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in New York when her petition was filed.

Respondent determined a deficiency in income tax of $27,604, an addition to tax pursuant to section 6651(a)(1) of $6,720, and a section 6662(a) penalty of $5,521 with respect to the year 2004.  On May 20, 2010, respondent mailed, via certified mail, three duplicate notices of deficiency for 2004 to petitioner. One duplicate (Notice 1) bore the address 48-50 West 56th Street, Suite 2A, New York, NY 10036 (the 56th Street location).  The ZIP Code was incorrect.  The correct ZIP Code for the 56th Street location is 10019.  The certified mail tracking number for this notice is 7005-0390-0000-8134-9610.  The parties stipulated that the 56th Street location was petitioner's last known address.[2]

---

[1]All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner is a family primary care doctor.  Since 2007 she has leased the entire second floor of the 56th Street location
(continued...)

Another duplicate (Notice 2) was mailed to 37 West 46th Street, 2nd Floor, New York, NY 10036 (the 46th Street location). And a third duplicate (Notice 3) was mailed to an address in New Jersey where petitioner had once lived. Petitioner never received Notice 1 or Notice 3. She eventually received Notice 2.

According to the U.S. Post Office tracking database, the post office corrected the Notice 1 ZIP Code error and there were several attempts to deliver Notice 1 to petitioner.[3] The tracking database further shows that Notice 1 was declared unclaimed on June 11, 2010, and was returned to the Internal Revenue Service.

Petitioner regularly checked her mailbox at the 56th Street location. "On and off" she had a receptionist at her office who would sign for packages and certified mail. Petitioner maintains that she never received notification of an attempted delivery of Notice 1.

As stated supra, petitioner received Notice 2. Notice 2 was mailed to the 46th Street location on the same day respondent

---

[2](...continued)
for her medical practice. During 2010 she also used the 56th Street location as her residence.

[3]A post office customer service supervisor testified that standard post office procedures provide that when there is an initial failure to deliver a certified mail item, two additional deliveries are to be attempted.

mailed Notice 1. That notice was signed for upon delivery, but the signature on the domestic return receipt is illegible.

Petitioner previously had an office suite on the second floor of the 46th Street location. In May 2010 that office was occupied by an unrelated party and petitioner's mother lived on the fourth floor and ran a business from the third floor.

Petitioner's mail was often delivered to her mother. Petitioner's mother would bundle the mail and, at irregular intervals, forward it to petitioner. In an affidavit of petitioner's mother attached to petitioner's objection to respondent's motion to dismiss, petitioner's mother asserts that she received Notice 2 from the unrelated party who was a tenant of the second floor of the 46th Street location. Petitioner's mother is elderly, is not fluent in English, does not sort her own mail, and frequently is away from her residence at the 46th Street location, working in upstate New York.

Petitioner received Notice 2 from her mother at the "end of August, sometime in late August." Petitioner attached Notice 2 to her petition, which was untimely filed on September 17, 2010. The last date to file a timely petition was August 18, 2010.

Respondent concedes that the New Jersey address to which Notice 3 was mailed was not petitioner's last known address when that notice was mailed.

Petitioner maintains that respondent's notice of deficiency was not "properly served" and "consequently * * * [she] did not receive the notice via any mailing." Petitioner asserts that respondent's assumption that petitioner's mother sees petitioner frequently and therefore was able to deliver Notice 2 to petitioner timely is erroneous.

## Discussion

Section 6212(a) provides that if the Secretary determines that there is a deficiency in income tax "he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." The notice of deficiency is "sufficient" if mailed to the taxpayer at his last known address, unless the Secretary has been properly notified under section 6903 of the existence of a fiduciary relationship. Sec. 6212(b)(1); Frieling v. Commissioner, 81 T.C. 42, 52 (1983); Pickering v. Commissioner, T.C. Memo. 1998-142. If the notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Frieling v. Commissioner, supra at 52; see Tadros v. Commissioner, 763 F.2d 89, 91-92 (2d Cir. 1985). If the notice is addressed to a person in the United States, the taxpayer has 90 days after the mailing of the notice to file a petition in this Court to redetermine the deficiency. Sec. 6213(a).

This Court's jurisdiction to redetermine tax deficiencies exists only when the Commissioner issues a notice of deficiency and the taxpayer files a timely petition to redetermine that deficiency. Rule 13(a), (c); <u>Monge v. Commissioner</u>, 93 T.C. 22, 27 (1989); <u>Hunter v. Commissioner</u>, T.C. Memo. 2004-81. In the case at bar, the petition was not filed within the 90-day period prescribed by section 6213(a); thus, we lack jurisdiction to decide the substance of this case.

Petitioner asserts that the notice of deficiency is invalid because respondent used an incorrect ZIP Code in mailing Notice 1 to her. If we conclude that the notice of deficiency is invalid, we must dismiss this case on that basis and not for lack of a timely filed petition. <u>Keeton v. Commissioner</u>, 74 T.C. 377, 379-380 (1980); <u>Pickering v. Commissioner</u>, <u>supra</u>.

This Court has long held that an inconsequential error in the address used in mailing a notice of deficiency does not render the notice invalid. See <u>Frieling v. Commissioner</u>, <u>supra</u>; <u>Sebastian v. Commissioner</u>, T.C. Memo. 2007-138; <u>Pickering v. Commissioner</u>, <u>supra</u>. An error in the address used in mailing a notice of deficiency is inconsequential where the error is so minor that it would not prevent delivery of the notice. See <u>McMullen v. Commissioner</u>, T.C. Memo. 1989-455; <u>Kohilakis v. Commissioner</u>, T.C. Memo. 1989-366.

This is not the first time we have had to decide the validity of a notice of deficiency addressed with an incorrect ZIP Code. In Pickering v. Commissioner, supra, the notice of deficiency was addressed to the taxpayer using his correct name, post office box number, city, and State, but with a wrong ZIP Code. In that case, the Commissioner introduced into the record a statement from the acting Postmaster in the taxpayer's city that the incorrect ZIP Code would not have affected the proper delivery of the notice of deficiency. The taxpayer offered no evidence that the notice of deficiency was not delivered, and we found it significant that the envelope bearing the notice of deficiency was returned to the Commissioner marked "unclaimed", as opposed to "address unknown" or "no such street or number". Similarly, in Boothe v. Commissioner, T.C. Memo. 1986-361, we stated:

> Although petitioners' names, street number and name, city and state were all correct, the zip code was for petitioners' former California address. Petitioners did not establish that the U.S. Postal Service failed to comply with postal regulations or that a zip code is an element essential to delivery of the notice in question. Failure of petitioners to actually receive the notice does not vitiate it.

Respondent addressed Notice 1 with petitioner's correct name, street number and name, floor number, city, and State. Moreover, the record demonstrates that the post office discovered the mistaken ZIP Code and corrected it. The post office tracking database shows that Notice 1 was delivered to the proper ZIP Code

and that it was eventually declared unclaimed.  Petitioner did not present any evidence that the post office failed to comply with postal regulations.  And it is well recognized that "Once the notice of deficiency is mailed to the taxpayer's last known address, nothing in the Code requires respondent to take additional steps to effectuate delivery."  Howard v. Commissioner, T.C. Memo. 1993-315 (citing Pomeroy v. United States, 864 F.2d 1191, 1195 (5th Cir. 1989)); see Sebastian v. Commissioner, supra.  Considering the totality of the evidence, we are satisfied that the use of an incorrect ZIP Code in the mailing of Notice 1 to petitioner constitutes an inconsequential error that did not adversely affect the proper delivery of Notice 1 to petitioner.

This is not a case where the Commissioner failed to exercise reasonable diligence in ascertaining the taxpayer's last known address following the return of the notice of deficiency.  See Ward v. Commissioner, 907 F.2d 517 (5th Cir. 1990), revg. 92 T.C. 949 (1989); Mulder v. Commissioner, 855 F.2d 208 (5th Cir. 1988), revg. T.C. Memo. 1987-363; Wallin v. Commissioner, 744 F.2d 674 (9th Cir. 1984), revg. T.C. Memo. 1983-52; Crum v. Commissioner, 635 F.2d 895 (D.C. Cir. 1980).  Here, the notice of deficiency was properly addressed to petitioner's last known address, but for the improper ZIP Code, and the notice of deficiency was returned to the Internal Revenue Service stamped "unclaimed", not

"address unknown" or with notification that the taxpayer had moved.  See <u>Tadros v. Commissioner</u>, 763 F.2d 89 (2d Cir. 1985).

In sum, we find that Notice 1 is a valid notice of deficiency.  Hence, we need not address the validity of Notice 2.

To reflect the foregoing,

<u>An order of dismissal</u>
<u>will be entered granting</u>
<u>respondent's motion to dismiss</u>
<u>for lack of jurisdiction</u>.