T.C. Memo. 2020-86

UNITED STATES TAX COURT

ASKAR MOUKHITDINOV AND SANA ABEUOVA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20240-18.                    Filed June 16, 2020.

<u>Dewey Golkin</u>, for petitioners.

<u>Mimi M. Wong</u>, <u>Kevin R. Oveisi</u>, and <u>Thomas A. Deamus</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  This case is before the Court to decide respondent's
motion to dismiss for lack of jurisdiction (motion).

Petitioners did not file their petition within the 90-day period following the
date that appears on the notice of deficiency for 2013 (notice).  The parties dispute

**[\*2]** whether respondent sent the notice to petitioners' last known address. As discussed below, we hold that respondent sent the notice to petitioners' last known address and that we lack jurisdiction because petitioners did not file their petition within the 90-day period established by section 6213(a).[1]

## FINDINGS OF FACT

Petitioners are husband and wife and reside in New York. Petitioners jointly filed their 2013 Form 1040, U.S. Individual Income Tax Return.

A.    Petitioners' ZIP Code

Petitioners' five-digit ZIP Code was 10017 at all relevant times, and their nine-digit ZIP Code was 10017-3522 at all relevant times. Petitioners correctly included their five-digit ZIP Code on their 2015 tax return, which was the last return they filed before respondent sent the notice. The ZIP Code printed on the notice is 10017-3522946, that is, petitioners' nine-digit ZIP Code followed by "946" erroneously added at the end.

---

[1]Section references are to the Internal Revenue Code in effect at all relevant times.

**[*3]** B.      Postal Forms 3877

The record includes two U.S. Postal Service (Postal Service) Forms 3877, Firm Mailing Book for Accountable Mail,[2] dated November 1, 2016.  Each form includes a list of items being sent by "IRS [Internal Revenue Service] DETROIT COMPUTING CENTER".  One of the forms lists but does not identify an item addressed to petitioner husband, which bears the certified mail tracking number "9307 1107 5660 2966 4973 09".  The Forms 3877 are postmarked "DETROIT MI 48233 Nov -3 2016 USPS DMU PLANTLOAD" and bear the signature of the Postal Service employee who received the items.

A box on the Forms 3877 captioned "Pieces Listed by Mailer" contains the number "21".  Adjacent to that box is another box captioned "Received at Post Office", which is intended to show the number of items received by the Postal Service.  That box is blank on both forms.

C.      Collection Notice Dated May 22, 2017, and Petitioners' Letter Dated June 1, 2017

Respondent sent a collection notice to petitioners on May 22, 2017.  The ZIP Code on the collection notice is the same 12-digit number which erroneously appeared on the notice.  Petitioners responded to the collection notice in a letter

---

[2]We discuss the admission into evidence of the Forms 3877 below at pp. 4-5.

**[*4]** dated June 1, 2017.  The first page of the notice was attached to the June 1 letter.

The same tracking number appears on the first page of the notice attached to the June 1 letter and on the Form 3877 that includes petitioner husband's name. The notice is dated November 7, 2016, and the Form 3877 which says the notice was delivered to the post office is dated November 1, 2016.  The notice states that if petitioners want to file a petition in the Tax Court, they must do so by February 6, 2017.  In the notice respondent determined that, for 2013, petitioners had an income tax deficiency of $58,510 and are liable for an $11,702 penalty under section 6662(a).  Petitioners petitioned the Court on October 15, 2018, over 20 months after February 6, 2017.

OPINION

The primary issue for decision is whether respondent sent the notice to petitioners' last known address.  Before reaching that issue, we will decide whether the Forms 3877 are admissible.

A.    Whether the Forms 3877 Are Admissible

The copies of the Forms 3877 lodged by respondent at the hearing on his motion were not self-certifying under rule 902 of the Federal Rules of Evidence. Because of petitioners' objection to the admission into evidence of those forms on

**[\*5]** grounds of authenticity, we deferred ruling on their admissibility and held the record open for an additional 30 days to allow respondent to provide self-certifying copies to petitioners and the Court.

Petitioners object to the admission into evidence of the self-certifying copies of the Forms 3877 on the grounds that respondent could have offered them at the hearing but did not and that the Court should not give respondent repeated opportunities to make a record.[3] Petitioners had an opportunity to examine uncertified copies of the Forms 3877 at the hearing and the self-certifying copies after the hearing. Petitioners are not prejudiced by the post-hearing admission of the Forms 3877. On the basis of the foregoing the certified copies of the Forms 3877 are admitted into evidence.

B.    Whether the Notice of Deficiency Was Sent to Petitioners' Last Known Address

1.    Introduction

To be valid, a notice of deficiency must be sent to a taxpayer's "last known address". Sec. 6212(b); King v. Commissioner, 88 T.C. 1042, 1050 (1987), aff'd, 857 F.2d 676 (9th Cir. 1988). In general, a taxpayer's last known address is the

---

[3]We discuss below petitioners' arguments relating to the fact that the notice was dated November 7, 2016, which is later than the date (November 1, 2016) shown on the Forms 3877.

**[\*6]** address that appears on the taxpayer's most recently filed and processed Federal tax return. Sec. 301.6212-2(a), Proced. & Admin. Regs. A notice of deficiency is valid even if the taxpayer's address includes an inconsequential error. Yusko v. Commissioner, 89 T.C. 806, 810 (1987). We have previously said an error in a ZIP Code was inconsequential. See, e.g., Lee v. Commissioner, T.C. Memo. 2011-129, 2011 WL 2271722, at \*3; Sebastian v. Commissioner, T.C. Memo. 2007-138, 2007 WL 1723725, at \*4; Pickering v. Commissioner, T.C. Memo. 1998-142, 1998 WL 176620, at \*3.

2. Petitioners' Contentions

Petitioners contend that the address on the notice was not their last known address because the ZIP Code erroneously included three extra numbers at the end. Petitioners also contend that respondent has not shown that the error in the address on the notice would not interfere with its delivery because respondent did not call a witness from the Postal Service to testify.

Petitioners point out that the last five digits of the ZIP Code on the notice, 22946, is the ZIP Code for Keene, Virginia, and the first five digits following the hyphen in the ZIP Code, 35229, is a ZIP Code for Birmingham, Alabama. Petitioners speculate that the notice might have been sent to Keene, Virginia, or Birmingham, Alabama, rather than to petitioners. Finally, petitioners contend that

**[*7]** the facts that the notice is dated November 7, 2016, and that the Form 3877 which states that the notice was delivered to the Postal Service is dated November 1, 2016, show that respondent's documents are fraudulent.

3.     O'Rourke v. United States

In O'Rourke v. United States, 587 F.3d 537, 540 (2d Cir. 2009), the U.S. Court of Appeals for the Second Circuit (to which this case is appealable absent a stipulation to the contrary, see sec. 7482(b)(1)(A)), held that the Commissioner met the burden of proving proper mailing of a notice of deficiency by providing (1) a proper notice of deficiency and (2) an incomplete Form 3877.

To be valid, a notice of deficiency must "identify the taxpayer, indicate that the Commissioner has made a determination of deficiency, and specify the taxable year and amount of the deficiency." Andrew Crispo Gallery, Inc. v. Commissioner, 16 F.3d 1336, 1340 (2d Cir. 1994), aff'g in part, vacating and remanding in part T.C. Memo. 1992-106. The notice in this case contains that information.

"[W]here the existence of the notice of deficiency is not disputed, a properly completed Form 3877 by itself is sufficient, absent evidence to the contrary, to establish that the notice was properly mailed to a taxpayer." Coleman v. Commissioner, 94 T.C. 82, 91(1990). A defective Form 3877 corroborated with

[*8] other evidence also can be sufficient to prove mailing. Id. The Form 3877 in O'Rourke had two omissions: no number was written in the box labeled "Received at Post Office" and there was no signature from a Postal Service employee. O'Rourke, 587 F.3d at 541. Similarly, each Form 3877 in this case contains an identifiable error: There is no number in the box used for specifying the number of documents received by the Postal Service.

In O'Rourke the Court of Appeals held that "[w]hen the IRS produces a proper notice of deficiency and a Form 3877 with only the two defects * * * [listed above], the government has * * * met its burden". Id. at 541-542 (citing Coleman v. Commissioner, 94 T.C. at 91); see Rivas v. Commissioner, T.C. Memo 2017-56, at *13, *17 (citing O'Rourke, 587 F.3d at 540). The Court of Appeals so held without the testimony of a witness from the Postal Service. Petitioners point out that in numerous Tax Court cases the Commissioner has called a witness from the Postal Service to testify regarding whether use of an erroneous ZIP Code affects delivery of an item, see, e.g., Lee v. Commissioner, 2011 WL 2271722, at *1 n.3; Sebastian v. Commissioner, 2007 WL 1723725, at *4; Gam v. Commissioner, T.C. Memo. 2000-115, 2000 WL 337564, at *4; Watkins v. Commissioner, T.C. Memo. 1992-6, and contend that respondent cannot show proper mailing to petitioners' last known address without similar testimony. We disagree. In O'Rourke, under

[*9] circumstances similar to those present here, the Court of Appeals held that the Commissioner established that a notice of deficiency was sent to the taxpayer's last known address even though no Postal Service witness testified about delivery of that notice.[4]

    4.    June 1, 2017, Letter

Respondent points out that page 1 of the notice was attached to the June 1, 2017, letter addressed to respondent and signed by petitioner husband. Respondent contends this shows petitioners received the notice before June 1. In response petitioners contend (and petitioner husband testified) that their accountant prepared the letter, attached page 1 of the notice, and presented the letter to petitioner husband for signature.

Petitioner husband testified regarding the June 1, 2017, letter and the attached notice of deficiency as follows: (1) he authorized their accountant to act with their power of attorney in dealing with the IRS, and their accountant wrote the June 1 letter; (2) he assumes that their accountant attached page 1 of the notice to the June 1 letter; (3) he does not know when he first saw the notice, and in

---

[4]In other cases we held that an erroneous ZIP Code did not affect delivery of an item where there was no Postal Service witness. See, e.g., Pickering v. Commissioner, T.C. Memo. 1998-142, 1998 WL 176620, at *3; Zee v. Commissioner, T.C. Memo. 1987-83; Boothe v. Commissioner, T.C. Memo. 1986-361.

**[\*10]** apparent contrast to the prior sentence he said had not seen the notice before he saw the June 1 letter; (4) he "thought they [the IRS letters] were all deficiency letters"; (5) he thinks letters from respondent "all look similar"; and (6) he "would definitely pay attention to" a notice stating he had to petition the Court within 90 days.

Thus, petitioner husband acknowledged seeing various IRS letters. He said he would have recognized a letter allowing him 90 days to petition the Tax Court, but his statement on that point is speculative. He admitted not paying close attention to IRS letters and said that all IRS letters looked alike and that he does not know when he first saw the notice. On the basis of this record we find that (1) the notice was included among the IRS letters petitioner husband received but to which he did not pay close attention, (2) petitioners received the notice at their home and forwarded it and other communications from the IRS to their accountant, and (3) their accountant drafted the June 1 letter and attached to it page 1 of the notice. A collection letter dated May 22, 2017, was delivered promptly to petitioners even though it bore the same erroneous 12-digit ZIP Code that was on the notice. On this record we conclude that the error in the ZIP Code on the notice was inconsequential. See, e.g., Lee v. Commissioner, 2011 WL

**[*11]** 2271722, at *3; <u>Sebastian v. Commissioner</u>, 2007 WL 1723725, at *4; <u>Pickering v. Commissioner</u>, 1998 WL 176620, at *3.

     5.     <u>Whether Respondent's Evidence is Fraudulent</u>

Petitioners contend that the fact that the notice is dated November 7, 2016, and the Form 3877 which states that the notice was delivered to the Postal Service is dated November 1, 2016, shows that respondent's documents are fraudulent. In at least three prior Tax Court cases notices of deficiency were dated a few days later than the date they were recorded on a Form 3877 as delivered by the IRS to the Postal Service. <u>See</u> <u>Thomas v. Commissioner</u>, T.C. Memo. 2020-33, at *2 & n.2; <u>Loyd v. Commissioner</u>, T.C. Memo. 1984-172; <u>Jones v. Commissioner</u>, T.C. Memo. 1984-171. In each case we treated the date on the notice as the mailing date, which allowed the taxpayer a few more days to file the petition than if we had treated the date recorded by the Postal Service as the mailing date. The record here is silent as to why the notice was dated later than the Form 3877, but it takes more than this anomaly to establish petitioners' allegation of fraud.

C.    <u>Conclusion</u>

As in <u>O'Rourke</u>, 587 F.3d at 542, the record here includes a proper notice of deficiency and Forms 3877 with inconsequential errors. Therefore, respondent's burden has been met, and we hold that the notice was sent to petitioners' last

**[*12]** known address.  Because petitioners filed the petition with the Court 616 days after the deadline stated in the notice, their petition is untimely.  Therefore, we will grant respondent's motion.

<u>An order of dismissal for lack of jurisdiction will be entered</u>.